# EXHIBIT F



**DLA Piper LLP (US)**
2000 University Avenue
East Palo Alto, California  94303-2214
www.dlapiper.com

Aaron Wainscoat
aaron.wainscoat@dlapiper.com
**T**   650.833.2442

August 3, 2018
*VIA U.S. MAIL AND EMAIL*

Robert M. Evans, Esq.
Senniger Powers LLP
100 North Broadway, 17th Floor
St. Louis, Missouri 63102
revans@senniger.com

**Re:    ES&S Threatened Lawsuit:  Fed. R. Civ. P. 11; 35 U.S.C. § 285; 28 U.S.C. § 1927**

Dear Mr. Evans:

I write in response to your July 19, 2018, letter, in which you threaten, on ES&S's behalf, a patent infringement lawsuit against Smartmatic USA Corporation ("Smartmatic") concerning the '701, '471 and '273 patents.

The unsolicited proclamation of ES&S's and your firm's purported Rule 11 basis to pursue a patent infringement lawsuit is telling.  Indeed, as virtually every allegation in your letter is predicated on admitted speculation, unwarranted assumptions and qualifications, it is no surprise that ES&S and your firm already are anticipating Rule 11 concerns and are attempting (albeit unpersuasively) to get out in front of them before proceeding with your threatened litigation.

With respect to specific patent allegations, your letter identifies only a single claim (claim 1) of each of the three patents and makes tenuous, and incomplete, infringement assertions based solely on an excerpt from an agreement between Smartmatic and LA County, and a YouTube video – neither of which depicts anything actually made, used, sold or offered for sale by Smartmatic.  Moreover, as to the purported factual support for the infringement assertions, your letter does no more than recite the patent's claim language (and not even for all limitations of any single claim) and self-servingly concludes that "it appears" from the image and video excerpts that such limitations are disclosed.  This is insufficient to support a claim for patent infringement.

Acknowledging these clear deficiencies, you then purport to shift the burden to Smartmatic by demanding that Smartmatic "provide the basis for your position and documents that support your position," and to do so by an arbitrary deadline under threat of suit.  In light of such abjectly deficient and speculative assertions, it is neither proper nor reasonable to expect Smartmatic to confirm or deny ES&S's and your firm's assumptions, let alone provide ES&S with Smartmatic's legal analysis and documents.  ES&S and your firm simply cannot skirt the requisite pre-filing diligence by shifting the burden to Smartmatic.

For the avoidance of doubt, you should not interpret Smartmatic's responses to date as an admission of any assumption, factual assertion, or legal conclusion, contained in ES&S's or your firm's prior correspondence. Such assumptions include, but are not limited to, your unwarranted assumption that there even is a "final design" for the VSAP solution - there is not, and therefore there are no "technical



Robert M. Evans, Esq.
August 3, 2018
Page Two


and design documents relating to the final design of the VSAP ballot marking" that could be withheld (as you contend), let alone provided to ES&S.

Finally, we trust (and expect) that as ES&S's counsel you are aware of ES&S's prior patent assertions concerning the VSAP project to date, the context in which those assertions have been made, and all factual and legal issues concerning those assertions to which your client (including its other outside counsel, Stinson Leonard Street LLP) has been involved.  Among other things, such communications put ES&S and your firm on notice of the likelihood that the asserted patents are invalid and/or unenforceable.

If ES&S or your firm pursues patent infringement claims against Smartmatic, or maintains any suit once filed, based on unreasonable and unwarranted factual or legal assumptions and that fail to comport with the good faith obligations imposed by federal law, Smartmatic will pursue all appropriate legal recourse, including appropriate relief against both ES&S and its counsel pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.


Very truly yours,

**DLA Piper LLP (US)**


*/s/ Aaron Wainscoat*


Aaron Wainscoat