# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Election Systems & Software, LLC, | |
| Plaintiff, | C.A. No. 1:18-cv-01259-RGA |
| v. | JURY TRIAL DEMANDED |
| Smartmatic USA Corporation, | |
| Defendant. | |

**OPENING BRIEF IN SUPPORT OF DEFENDANT SMARTMATIC USA CORPORATION'S MOTION TO DISMISS COMPLAINT**

Dated:  October 10, 2018

**OF COUNSEL**:

Aaron Wainscoat (admitted *Pro Hac Vice*)
Timothy Lohse (admitted *Pro Hac Vice*)
Harpreet Singh (admitted *Pro Hac Vice*)
Erin McLaughlin (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
2000 University Ave.
East Palo Alto, CA 94303
Telephone: 650.833.2000
Facsimile: 650.833.2001
aaron.wainscoat@dlapiper.com
timothy.lohse@dlapiper.com
harpreet.singh@dlapiper.com
erin.mclaughlin@dlapiper.com

Larissa S. Bifano (admitted *Pro Hac Vice*)
Michael Van Handel (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: (617) 406-6000
Facsimile:   (617) 406-6100
larissa.bifano@dlapiper.com
michael.vanhandel@dlapiper.com

Denise S. Kraft (DE Bar No. 2778)
Brian A. Biggs (DE Bar No. 5591)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE  19801-1147
Telephone:  302.468.5700
Facsimile:   302.394.2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

*Attorneys for Defendant
Smartmatic USA Corporation*

## **TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF PROCEEDINGS ........................................................1

II. SUMMARY OF ARGUMENT ................................................................................1

III. STATEMENT OF OPERATIVE FACTS .................................................................2

    A. The Asserted Patents..................................................................................2

    B. ES&S's Deficient Pre-Suit Communications .............................................3

        1. '273 Patent .....................................................................................3

        2. '471 Patent .....................................................................................4

IV. LEGAL STANDARD...............................................................................................6

V. ARGUMENT ............................................................................................................8

    A. ES&S Inadequately Pleads Direct Infringement of the of '273 Patent........8

    B. ES&S Inadequately Pleads Direct Infrengement of the '471 Patent .........10

    C. ES&S Inadequately Pleads Willful Infringement ......................................12

VI. CONCLUSION.......................................................................................................12

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Artip v. Ball Corporation*,
 735 Fed. Appx. 708 (Fed. Cir. 2018) ............................................................................... 8, 10

*Arunachalam v. Pazuniak*,
 No. 15-259-RGA, 2018 WL 4603265 (D.Del. Sept. 25, 2018) ................................................. 6

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ......................................................................................... 1, 6, 10, 11

*Atmos Nation, LLC v. BnB Enter., LLC*,
 No. 16-62083-CIV-DIMITROULEAS, 2017 WL 5004844 (S.D. Fla. Aug. 22,
 2017) ................................................................................................................................... 7

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) .......................................................................................... 1, 7, 10, 11

*Blackberry Limited v. Nokia Corporation*,
 17-cv-155-RGA, 2018 WL 1401330 (D. Del. March 20, 2018) ............................................ 12

*F2VS Technologies, LLC v. Aruba Networks, Inc.*,
 No. 17-cv-0754-RGA, 2018 WL 1732152 (D. Del. April 10, 2018) ........................................ 8

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
 851 F.3d 1275 (Fed. Cir. 2017) ............................................................................................... 7

*North Star Innovations Inc., v. Micron Technology Inc.*,
 No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) ............................ 7, 10, 11

*Raindance Technologies Inc., v. 10x Genomics Inc.*,
 No. 15-cv-152-RGA, 2016 WL 927143 (D. Del. March 4, 2016) ............................... 9, 10, 11

*Scripps Research Inst. v. Illumina, Inc.*,
 No. 16-cv-661-JLS (BGS), 2016 WL 6834024 (S.D. Cal. Nov. 21, 2016) .............................. 7

*Valinge Innovation AB v. Halstead New England Corp.*,
 No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ................................. 7, 12

*Varian Med. Sys., Inc., v. Elekta AB*,
 No. 15-cv-871-LPS-CJB, 2016 WL 3748772 (D. Del. July 12, 2016) ..................................... 7

EAST\160921550.1

# TABLE OF AUTHORITIES (CONT'D)

**Statutes**

35 U.S.C. §271(a) ...........................................................................................................5, 8

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ................................................................. *passim*

I. **NATURE AND STAGE OF PROCEEDINGS**

On August 17, 2018, Plaintiff Election Systems & Software, LLC ("ES&S" or "Plaintiff") filed its complaint (D.I. 1) alleging infringement of U.S. Patents Nos. 7,753,273 ("the '273 patent") and 8,096,471 ("the '471patent"). The complaint broadly alleges that Smartmatic directly and willfully infringes claim 13 of the '273 patent, and claims 1 and 16 of the '471 patent. In lieu of filing an answer Defendant Smartmatic USA Corporation ("Smartmatic") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

II. **SUMMARY OF ARGUMENT**

ES&S's complaint consists of a series of legal conclusions devoid of relevant factual support, and consequently, devoid of the required plausibility to support a claim of patent infringement pursuant to Federal Rule of Civil Procedure 12(b)(6). In this regard, ES&S conspicuously avoids connecting the incomplete and unrelated factual allegations contained in certain pre-suit communications (*e.g.*, conclusory assertions related to <u>claim 1</u> of the '273 patent) to the specific infringement allegations in its complaint (*e.g.*, alleged infringement of only <u>claim 13</u> of the '273 patent). In so doing, ES&S fails to set forth a plausible explanation of how Smartmatic allegedly practices any asserted claim of any asserted patent, and therefore fails to set forth any plausible claim of direct or willful infringement. When read properly, ES&S does no more than offer "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," in direct contravention of the Supreme Court's pleading standards set forth in *Iqbal* and *Twombly*. Such deficient and conclusory pleadings (which incorporate by reference incomplete and inadequate pre-suit communications) cannot be remedied through amendment, but rather highlight substantive deficiencies with ES&S pre-litigation investigation.

Accordingly, ES&S's complaint should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim to relief that is plausible on its face.

III. **STATEMENT OF OPERATIVE FACTS**

   A. **The Asserted Patents**

The '273 patent is "generally directed to a ballot marking apparatus adapted to mark a user-readable ballot containing a plurality of races in accordance with the selections made by a voter, each of the races having a plurality of candidates." (D.I. 1-2, Ex. B ('273 patent), at 2:24-28.)  ES&S alleges that Smartmatic infringes only claim 13 of the '273 patent. (D.I. 1 at ¶72.) Claim 13 is a system claim reciting a "voting system" comprised of a ballot marking device, one or both of a display screen and a set of headphones with a specific configuration, and a navigation device with a specific configuration, as detailed more fully in the claim. (D.I. 1-2, Ex. B ('273 patent). 20:1-22.)

The '417 patent is "generally directed to a ballot marking device adapted to mark a ballot and either return the marked ballot to the voter or automatically deposit the marked ballot into a secure ballot box attached to the marking device."  (D.I. 1-1, Ex. A ('471 patent), at 2:3-7.) ES&S alleges that Smartmatic infringes claims 1 and 16 of the '417 patent. (D.I. 1 at ¶61.) The asserted '417 patent claims are product claims that recite a "ballot marking device" and a "voter assistance terminal," respectively, with each claim reciting multiple elements and each element setting forth specific operability. (D.I. 1-1, Ex. A ('471 patent). at 21:33-53, 22:48-23:3.)

The only specific claims that ES&S alleges Smartmatic has infringed are claim 13 of the '273 patent, and claims 1 and 16 of the '471 patent. ES&S makes the conclusory assertion that Smartmatic has directly and willfully infringed those claims by "making, using, importing,

2

offering to sell, and/or selling the Smartmatic BMD to LA County, within the United States, for LA County's VSAP project." (D.I. 1 at ¶¶61, 72.)  There is no factual support in the Complaint for these specific infringement allegations.  Instead, ES&S purports to "incorporate by reference" its "information and belief" supporting these allegations based on "publicly available information and pre-suit correspondence with Smartmatic" – the full extent of which is contained in a few letters and emails sent between July 19, 2018 and August 10, 2018, which are attached as Exhibits D-H of the Complaint.  (D.I. 1 at ¶58; Exs. D-H.)

    **B.**  **ES&S's Deficient Pre-Suit Communications**

      **1.**  **'273 Patent**

  With respect to the '273 patent, the pre-suit communications that allegedly support ES&S's "information and belief" for the allegations in the Complaint are expressly limited to claim 1 – a method claim that is not even asserted in the Complaint.  Specifically, ES&S's July 19 Letter is limited to the assertion that "the Smartmatic contract produced in response to ES&S's FOIA request [to Los Angeles County] appears to show that the manufacture, offer for sale and sale of the VSAP ballot marking device infringes at least claim 1 of the '273 patent."  (D.I. 1-4; Ex. D at 2.)  This letter does not even assert (in conclusory fashion or otherwise), that the excerpted graphic and video screenshot allegedly depicting a ballot marking device (which is not even made, sold or offered for sale by Smartmatic) shows each element of claim 1 – and instead ES&S merely asserts that the images appear to show a "navigation device with a first pair of push-button switches positioned above and below a center-push button switch, and a second pair of push-button switches positioned left and right of the center push-button."  *Id.*

  In this regard, claim 1 (which is not asserted in the Complaint) includes various other claim limitations for which ES&S's pre-suit correspondence and its Complaint wholly fail to recite, let alone provide plausible factual support for.  Such other limitations include: (a)

3

allowing voters to navigate a plurality of contests and a plurality of options; (b) presenting said contests and options to the voter; (c) enabling voters to scroll among said contests using one pair of push-button switches; (d) enabling voters to scroll through said options using the other pair of push-button switches; and (e) receiving voting selections from the voter, wherein the center push-button switch enables the voter to make at least one voting selection for each contest by selecting at least one option without providing input on other options.  (D.I. 1-2 ('273 patent), at 18:14-33.

Moreover, the pre-suit communications do not even mention claim 13 of the '273 patent, which is the only '273 patent claim asserted in the Complaint.  Claim 13 includes other limitations for which there is no factual support in the Complaint or pre-suit communications – whether conclusory or otherwise.

### 2. '471 Patent

With respect to the '471 patent, although the pre-suit communications at least reference claim 1 (which is an asserted claim in the Complaint), they fail to provide plausible support for any alleged infringement by Smartmatic.  In addition, ES&S's pre-suit letters wholly fail to mention claim 16, which is the only other asserted claim in the Complaint.  Specifically, ES&S's July 19 Letter is limited to the assertion that excerpted images obtained from Los Angeles County (again, nothing actually made, sold or offered for sale by Smartmatic) "appears to show that the manufacture, offer for sale and sale of the VSAP ballot marking device infringes at least claim 1 of the '471 patent."  (D.I. 1-4; Ex. D at 3.)  As with the '273 patent, ES&S's letter does not even assert that the excerpted images show each element of claim 1 – and instead it merely recites some, but not all, of the limitations of claim 1.  *Id.*  Claim 1 of the '471 patent includes other claim limitations for which ES&S's pre-suit correspondence and its Complaint wholly fail

to recite, let alone provide plausible factual support for. Such other limitations include: (a) a ballot marking device adapted to return a marked ballot to the voter; and (b) a presentation device operable to present the voter with a plurality of ballot handling choices. D.I. 1-1 ('471 patent), at 21:33-44.

Moreover, ES&S's pre-suit communications do not even mention claim 16 of the '471 patent, which is the only other '471 patent claim asserted in the Complaint. Claim 16 includes other limitations for which there is no factual support in the Complaint or pre-suit communications – whether conclusory or otherwise – including, for example, a print mechanism operable to record the received voter selection on the ballot. *Id.* at-6 22:58-59.

These deficiencies in the ES&S's pre-suit communications (among others) – which admittedly are the only purported factual support for the infringement allegations in the Complaint – were called out to ES&S before it filed its Complaint:

- With respect to specific patent allegations, your letter identifies only a single claim (claim 1) of each of the three patents and makes tenuous, and incomplete, infringement assertions based solely on an excerpt from an agreement between Smartmatic and LA County, and a YouTube video – neither of which depicts anything actually made, used, sold or offered for sale by Smartmatic. Moreover, as to the purported factual support for the infringement assertions, your letter does no more than recite the patent's claim language (and not even for all limitations of any single claim) and self-servingly concludes that "it appears" from the image and video excerpts that such limitations are disclosed. This is insufficient to support a claim for patent infringement. (D.I. 1-6; Ex. F (August 3, 2018 Letter to ES&S counsel)

- Each of the points raised in my August 3 letter remain pertinent with respect to the significant shortcomings in ES&S's purported notice of infringement and your preemptive (and failed) attempt to establish good cause for proceeding with a lawsuit. Your further response on August 6 highlights two core assumptions (each unwarranted) upon which you apparently intend to proceed. First, you assume Smartmatic has actually "offered to sell" a voting machine that you contend infringes claim 1 of three ES&S patents. But you have not identified any support for this allegation, nor provided any reference to any actual offer for sale within the meaning of the 35 U.S.C. §271(a). If, as your prior letter hints, you are referring to the agreement between the County of Los Angeles and Smartmatic

5

>   for Voting Solutions for All People (VSAP) Implementation and Support
>   Services, please identify why (with references to specific provisions) you believe
>   this constitutes an "offer for sale." This of course relates to the second
>   unwarranted assumption, which concerns the subject matter of the purported
>   "offer for sale." Please tell us – if your intent is genuinely to establish a good
>   faith basis for proceeding with a lawsuit – why you believe it is proper to assert
>   infringement against an initial proposed design that by your own admission
>   exists outside the purported "offer for sale" context in which you apparently
>   ground your claim. As I advised you in my August 3 letter, nothing you point to
>   depicts anything actually made, sold, used or offered for sale by Smartmatic, and
>   as concerns the VSAP agreement for Implementation and Support Services there
>   is no final design, let alone an actual product, for any voting machine that is the
>   apparent target of your infringement allegations. (D.I. 1-8a; Ex. H (August 10,
>   2018 Email to ES&S counsel)

ES&S nevertheless proceeded to file its Complaint, fully aware that it had failed to provide any plausible, factual support for any allegation of infringement against Smartmatic, and literally no support with respect to claim 13 of the '273 patent and claim 16 of the '471 patent.

## IV.   LEGAL STANDARD

A complaint will survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only if it "contain[s] sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While this Court is to accept as true and construe favorably to ES&S the allegations in its Complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [because] threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Thus, this Court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679.  The Court must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement to relief." *Id*.; *Arunachalam v. Pazuniak,* No. 15-259-RGA, 2018 WL 4603265, at *3 (D.Del.  Sept. 25, 2018) (requiring "substantive

6

plausibility"). If the plaintiff does not "nudge[] [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Twombly*, 550 U.S. at 570; see also *Varian Med. Sys., Inc., v. Elekta AB*, No. 15-cv-871-LPS-CJB, 2016 WL 3748772, at *2 (D. Del. July 12, 2016) (setting forth the standard of review for Rule 12(b)(6) motions under Supreme Court and Third Circuit law).

Importantly, "a patentee cannot meet its obligation to assert a plausible claim of infringement under the *Twombly/Iqbal* standard by merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element. That amounts to little more than a conclusory statement that 'Your product infringes my patent claim.'" *North Star Innovations Inc., v. Micron Technology Inc.,* No. 17-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017).

To sufficiently plead willful infringement, a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: "(1) knew of the patents-in-suit; (2) after acquiring that knowledge, it infringed the patents; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patents." *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018) (D.I. 171 at 27); *accord Atmos Nation, LLC v. BnB Enter., LLC*, No. 16-62083-CIV-DIMITROULEAS, 2017 WL 5004844, at *2 (S.D. Fla. Aug. 22, 2017); *Scripps Research Inst. v. Illumina, Inc.*, No. 16-cv-661-JLS (BGS), 2016 WL 6834024, at *7 (S.D. Cal. Nov. 21, 2016). In addition, a plaintiff must plead that the foregoing knowledge and infringement occurred prior to the plaintiff's "affirmative allegation of infringement." *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir. 2017).

V.      **ARGUMENT**

ES&S conspicuously avoids setting forth any explanation of how Smartmatic allegedly practices any element of any claim of any asserted patent and fails to set forth any plausible claim of direct or willful infringement. The complaint instead consists of bald assertions of unsupported legal conclusions that cannot support a claim of relief. *See Artip v. Ball Corporation,* 735 Fed. Appx. 708, 714 (Fed. Cir. 2018) ("Merely pleading facts that are consistent with liability or stating legal conclusions is not sufficient."); *F2VS Technologies, LLC v. Aruba Networks, Inc.,* No. 17-cv-0754-RGA, 2018 WL 1732152, at *1-2 (D. Del. April 10, 2018). ES&S's complaint should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(6).

   A.    **ES&S Inadequately Pleads Direct Infringement of the of '273 Patent**

ES&S alleges that Smartmatic directly infringes only claim 13 of the '273 patent but fails to allege any facts to plausibly show that Smartmatic has actually offered to sell any product practicing each element of claim 13 of the '273 patent. As set forth above, the Complaint itself does not directly provide any factual support for any allegation of infringement, and instead purports to "incorporate by reference" the deficient pre-suit communications that it attaches to the Complaint as Exhibits D-H.

The Complaint itself merely presents a formulaic recitation of the elements of a cause of action: "Smartmatic has directly infringed at least claim 13 of the '273 patent under 35 U.S.C. §271(a) by making, using, importing, offering to sell, and/or selling the Smartmatic BMD to LA County, within the United States, for LA county's VSAP project." (D.I. 1 at ¶72). ES&S's simple statement of the law of infringement cannot constitute plausible support for a claim of infringement. *Artrip,* 735 Fed. Appx., at 714 (Fed. Cir. 2018) ("to meet the plausibility standard, a plaintiff must plead 'factual content that allows the court to draw the reasonable inference that

8

the defendant is liable for the misconduct alleged'"). ES&S's allegations related to the '273 patent are unexplained beyond the bald assertions of infringement. Moreover, ES&S offers no factual support for its assertion that infringement is based on a purported offer for sale, though ES&S apparently believes that by submitting an RFP response for LA County's VSAP project, Smartmatic "offered to sell" something that infringes ES&S's patents.

The allegations related to the '273 patent also cannot be saved by the purported incorporation of pre-suit correspondence. In this regard, the Complaint references ES&S's counsel's July 19th pre-suit letter that purports to show how a representation of a ballot marking device[1] meets each limitation of ***certain claims*** of the . . . the '273 patent." (D.I. 1 at ¶¶ 48, 49; D.I. 1-4, Exhibit D). As detailed in Section III.B.1, above, the pre-suit correspondence attached to the Complaint does not even mention claim 13 of the '273 patent, let alone explain how the depicted ballot marking device meets the limitations of claim 13. Instead, the allegations contained in ES&S's pre-suit correspondence relate only to <u>claim 1</u> of the '273 patent. *See* Section III.B.1. ES&S's allegations regarding the '273 patent should be dismissed for this reasons alone. *See Raindance Technologies Inc., v. 10x Genomics Inc.,* No. 15-cv-152-RGA, 2016 WL 927143, at *2-3 (D. Del. March 4, 2016) (granting a motion to dismiss where Plaintiff "makes no attempt to relate any of their factual assertions with any of the asserted claims.")

With respect to claim 1 (which is a method claim, and which is not asserted in this case), the correspondence attached to the Complaint fails to even recite – let alone provide plausible factual support for – all of the claim elements of claim 1. *See* Section III.B.1. Moreover, as Smartmatic specifically informed ES&S before the Complaint was filed "there is no final design,

---

[1] The depictions of the purported product were pulled from a Statement of Work provided by Los Angeles County, and a YouTube video posted by the Los Angeles County Department of Registrar-Recorder/County-Clerk on October 30, 2017. (D.I. 1-4, Exhibit D).

9

let alone an actual product, for any voting machine that is the apparent target of your infringement allegations" and therefore no basis for proceeding with a Complaint based on a purported "offer to sell" an infringing product. *Id.;* (D.I. 1-6, Exhibit F, D.I. 1-8, Exhibit H).

Accordingly, because ES&S's complaint is devoid of plausible support for its allegation that Smartmatic is making, using, importing, offering to sell, and/or selling a ballot marking device that meets the limitations of claim 13 of the '273 patent, these allegations must be dismissed. *Iqbal*, 556 U.S. at 678; *Twombly,* 550 U.S. at 570; *North Star Innovations,* 2017 WL 5501489, at *2; FRCP 12(b)(6).

### B.    ES&S Inadequately Pleads Direct Infringement of the '471 Patent

ES&S alleges that Smartmatic directly infringes claims 1 and 16 of the '471 patent but fails to allege any facts to plausibly show that Smartmatic has actually offered to sell any product practicing each element of claims 1 and 16 of the '471 patent. Like the '273 patent, the Complaint itself is silent on the matter, and purports to rely exclusively on the "information and belief" held by ES&S as reflected in the pre-suit letter attached to the Complaint. (D.I. 1 at ¶¶ 48, 49; D.I. 1-4 Exhibit D).

Specifically, ES&S's direct infringement allegations merely state that Smartmatic infringes by "making, using, importing, offering to sell, and/or selling the Smartmatic BMD to LA County, within the United States, for LA county's VSAP project." (D.I. 1 at ¶61.) This simple statement of the law of infringement cannot constitute plausible support for a claim of infringement. *Artrip,* 735 Fed. Appx., at 714 ("to meet the plausibility standard, a plaintiff must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'").

As with the '273 patent, ES&S apparently seeks to rely solely on pre-suit correspondence to meet its pleading requirements, which it attaches to its Complaint.  However, even considering the attached correspondence ES&S fails to allege (beyond conclusory assertions of infringement) that each element of claim 1 and each element of claim 16 of the '471 patent is present in the purported ballot marking device depicted in its letter.  As set forth above, ES&S's July 19th letter does not even mention claim 16 of the '471 patent, and its claim should be dismissed for this reason alone.  *See* Section III.B.2; *Raindance,* 2016 WL 927143, at *2-3 (granting a motion to dismiss where Plaintiff "makes no attempt to relate any of their factual assertions with any of the asserted claims.")  In addition, with respect to claim 1 of the '471 patent, the July 19th letter omits relevant claim elements and thereby fails to even provide conclusory assertions with respect to all elements of a single claim.  *See* Section III.B.2.  Such tenuous and incomplete infringement assertions do not constitute fair notice of how Smartmatic is alleged to infringe.

Finally, as Smartmatic repeatedly advised ES&S before the Complaint was filed, the images depicted are not reflective of anything actually made, used, sold or offered for sale by Smartmatic. (D.I. 1-6, Exhibit F).  In fact, Smartmatic specifically informed ES&S that "as concerns the VSAP agreement for Implementation and Support Services there is no final design, let alone an actual product, for any voting machine that is the apparent target of your infringement allegations."  (D.I. 1-8, Exhibit H).

Accordingly, because ES&S's complaint is devoid of plausible support for its allegations that Smartmatic is making, using, importing, offering to sell, and/or selling a ballot marking device that meets the limitations of claims 1 and 16 of the '471 patent these allegations must be dismissed.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; *North Star Innovations,* 2017 WL 5501489, at *2; FRCP 12(b)(6).

11

### C.  ES&S Inadequately Pleads Willful Infringement

The totality of ES&S's willful infringement allegations consists of the repeated conclusion that Smartmatic's alleged infringement "has been knowing and willful" and that Smartmatic's alleged "infringement and behavior was egregious in light of ES&S's notice to Smartmatic." (D.I. 1 at ¶¶ 66, 67; 77-78.)  ES&S's willful infringement allegations are inadequately plead for three reasons.  First, as established above, ES&S has not set forth a plausible claim of direct infringement for either the '273 patent or the '471 patent.  *Valinge Innovation,* 2018 WL 2411218, at *13; *Blackberry Limited v. Nokia Corporation,* 17-cv-155-RGA, 2018 WL 1401330, at *3-4 (D. Del. March 20, 2018).  Second, as similarly established above, ES&S did not provide any pre-suit notice of claim 13 of the '273 patent, or claim 16 of the '471 patent.  *Id.*  Third, with respect to claim 1 of the '471 patent, and as detailed above in Sections III.B.2 and V.B, ES&S has not plead sufficient facts to plausibly demonstrate that Smartmatic was on notice of how it was that they were alleged to infringe.  Accordingly, ES&S fails to make out a plausible claim for willful infringement of the asserted patents and these allegations must be dismissed.

### VI.  CONCLUSION

For the foregoing reasons, Smartmatic respectfully requests that the Court dismiss ES&S's claim of direct infringement and willful infringement with respect to all asserted claims of all asserted patents, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Moreover, for the reasons set forth above, as well as in the pre-suit communications attached to the Complaint, Smartmatic requests that the Complaint be dismissed with prejudice as the pleading deficiencies cannot be cured by amendment, and as ES&S failed to conduct proper pre-filing diligence before

filing its Complaint despite being on clear notice of the deficiencies inherent with its purported infringement theories.

| | |
|---|---|
| Dated:  October 10, 2018 | **DLA PIPER LLP (US)** |
| **OF COUNSEL**: | |
| | By: */s/ Denise S. Kraft* |
| Aaron Wainscoat (admitted *Pro Hac Vice*) | Denise S. Kraft (DE Bar No. 2778) |
| Timothy Lohse (admitted *Pro Hac Vice*) | Brian A. Biggs (DE Bar No. 5591) |
| Harpreet Singh (admitted *Pro Hac Vice*) | DLA PIPER LLP (US) |
| Erin McLaughlin (admitted *Pro Hac Vice*) | 1201 North Market Street, Suite 2100 |
| **DLA PIPER LLP (US)** | Wilmington, DE  19801-1147 |
| 2000 University Ave. | Telephone:  302.468.5700 |
| East Palo Alto, CA 94303 | Facsimile:   302.394.2341 |
| Telephone: 650.833.2000 | denise.kraft@dlapiper.com |
| Facsimile: 650.833.2001 | brian.biggs@dlapiper.com |
| aaron.wainscoat@dlapiper.com | |
| timothy.lohse@dlapiper.com | *Attorneys for Defendant* |
| harpreet.singh@dlapiper.com | *Smartmatic USA Corporation* |
| erin.mclaughlin@dlapiper.com | |
| | |
| Larissa S. Bifano (admitted *Pro Hac Vice*) | |
| Michael Van Handel (admitted *Pro Hac Vice*) | |
| **DLA PIPER LLP (US)** | |
| 33 Arch Street, 26th Floor | |
| Boston, MA 02110-1447 | |
| Telephone: (617) 406-6000 | |
| Facsimile:   (617) 406-6100 | |
| larissa.bifano@dlapiper.com | |
| michael.vanhandel@dlapiper.com | |

13