**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ELECTION SYSTEMS & SOFTWARE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-01259-RGA |
| | ) | |
| SMARTMATIC USA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |

<u>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**</u>

Dated: November 7, 2018

ROGOWSKI LAW LLC

Patricia Smink Rogowski, Del. Bar ID #2632
501 Silverside Road, Suite 11
Silverside Carr Executive Center
Wilmington, DE 19809
Tel: (302) 893-0048
pat@rogowskilaw.com

STINSON LEONARD STREET LLP

Robert M. Evans, Jr., Mo Bar #35613
Michael J. Hartley, Mo Bar #55057
Kyle G. Gottuso, Mo Bar #64869
770 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105
Tel: (314) 863-0800
Fax: (314) 345-7600
robert.evans@stinson.com
mike.hartley@stinson.com
kyle.gottuso@stinson.com

*Attorneys for Plaintiff Election Systems &
Software, LLC*

# TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II.  SUMMARY OF ARGUMENT ................................................................................... 2

III. STATEMENT OF FACTS ......................................................................................... 3

    A.   The '273 Patent ............................................................................................ 3

    B.   The '471 Patent ............................................................................................ 4

    C.   ES&S's Pre-suit Investigation and Correspondence with Smartmatic .................. 6

IV.  ARGUMENT .......................................................................................................... 9

    A.   Applicable Legal Standards ............................................................................ 9

    B.   ES&S's Allegations of Direct Infringement and Willful Infringement Against
        Smartmatic Satisfy the Pleading Requirements ................................................. 11

        1.   ES&S's Allegations of Direct Infringement of the '273 and '471 Patents
            Satisfy Rule 8(a) .................................................................................... 11

            i.   ES&S's Complaint and Exhibits Provide Sufficient Detail to
                Support its Infringement Allegations ............................................ 11

            ii.  Smartmatic Cannot Benefit From its Withholding of Pertinent
                Information ................................................................................ 13

        2.   ES&S's Allegations of Willful Infringement Also Satisfy the Pleading
            Requirements ........................................................................................ 15

    C.   In the Unlikely Event the Court Believes Smartmatic's Motion Should Be
        Granted, ES&S Should Be Granted Leave to Amend its Complaint ...................... 17

V.   CONCLUSION ........................................................................................................ 18

# TABLE OF AUTHORITIES

## Cases

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
  261 F.3d 1329 (Fed. Cir. 2001)................................................................................11

*Align Tech., Inc. v. 3Shape A/S*,
  No. 17-1646-LPS-CJB, 2018 U.S. Dist. LEXIS 152717 (D. Del. Sep. 7, 2018) .............15, 16

*Anderson v. Bd. Of Sch. Directors of Millcreek Twp. Sch. Dist.*,
  574 F. App'x 169 (3d Cir. 2014) ...........................................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................................10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................................10

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997).................................................................................9

*Cipla Ltd. v. Sunovion Pharm., Inc.*,
  174 F. Supp. 3d 869 (D. Del. 2016)...............................................................9, 10, 11

*DermaFocus LLC v. Ulthera, Inc.*,
  201 F. Supp. 3d 465 (D. Del. 2016).............................................10, 11, 13, 14, 15

*FieldTurf Int'l, Inc. v. Sprinturf, Inc.*,
  433 F.3d 1366 (Fed. Cir. 2006)..............................................................................12

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*,
  714 F.3d 1277 (Fed. Cir. 2013)..............................................................................14

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017)........................................................................10, 12

*Lyda v. CBS Corp.*,
  838 F.3d 1331 (Fed. Cir. 2016)..............................................................................15

*Modern Telecom Sys., LLC v. TCL Corp.*,
  No. 17-583-LPS-CJB, 2017 U.S. Dist. LEXIS 209717 (D. Del. Dec. 21, 2017) ...................17

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018)..............................................................................12

*Prowire LLC v. Apple, Inc.*,
  No. 17-223, 2017 U.S. Dist. LEXIS 126640 (D. Del. Aug. 9, 2017) ................................10, 14

*Uni-Systems, LLC v. United States Tennis Ass'n*,
   No. 17-cv-147 (KAM), 2018 U.S. Dist. LEXIS 172638 (E.D.N.Y. Oct. 4,
   2018) ..........................................................................................................................13

*Valinge Innovation AB v. Halstead New England Corp.*,
   No. 16-1082-LPS-CJB, 2018 U.S. Dist. LEXIS 88696 (D. Del. May 29, 2018) ...................15

**Rules**

Fed. R. Civ. P. 8(a) ..........................................................................................................2, 11, 15

Fed. R. Civ. P. 8(a)(2) ...........................................................................................................10

Fed. R. Civ. P. 11(b)(3) ...........................................................................................................9

Fed. R. Civ. P. 12(b)(6) ........................................................................................................1, 9

Fed. R. Civ. P. 15(a)(2) ........................................................................................................3, 17

Plaintiff Election Systems & Software, LLC ("ES&S") hereby submits its Opposition to Defendant Smartmatic USA Corporation's ("Smartmatic") Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  D.I. 10 ("Motion").

## I.   NATURE AND STAGE OF THE PROCEEDINGS

On August 17, 2018, ES&S filed its Complaint for Patent Infringement against Smartmatic based on Smartmatic's offer to sell voting machines to the County of Los Angeles, California ("LA County") that infringe U.S. Patent Nos. 7,753,273 ("the '273 patent") and 8,096,471 ("the '471 patent").  D.I. 1 (hereinafter, "Complaint").  As explained in more detail in the sections that follow, Smartmatic's infringing offer stems from LA County's Voting Solution for All People Request for Proposal ("VSAP RFP") for voting machines, which included certain specific features that are covered by the asserted claims of the Patents-In-Suit.  ES&S also participated in the VSAP RFP.[1]  LA County selected Smartmatic to provide the requested machines.

Prior to filing suit against Smartmatic, ES&S completed a thorough pre-filing investigation.  As part of the investigation, ES&S contacted counsel for Smartmatic regarding Smartmatic's infringement and requested Smartmatic to provide any technical documents or other information that would rebut ES&S's infringement allegations.  Smartmatic provided no such information.

ES&S also sought information regarding Smartmatic's infringing offer to sell voting machine technology covered by the Patents-In-Suit via a Freedom of Information Act ("FOIA") request to LA County.  D.I. 1-3, 1-4, 1-5, 1-6, 1-7, and 1-8 (Exhibits to ES&S's Complaint).  While LA County provided some information in response to the FOIA request, the specifically

---

[1] ES&S participated in the first of two stages of the LA County RFP process.

requested technical information regarding the voting machines offered by Smartmatic was withheld based on a claim of confidentiality.

Having exhausted the information sources available to it, and in light of Smartmatic's refusal to provide any support for its conclusory infringement denials, ES&S filed this lawsuit. But rather than answering the factual allegations in ES&S's Complaint, Smartmatic continues its evasive tactics and asks the Court to dismiss the Complaint on the merits.

In short, Smartmatic's Motion seeks to improperly capitalize on Smartmatic's pre-suit strategy of withholding the technical details ES&S requested by asserting that ES&S must plead those technical details to satisfy the pleading standard of Fed. R. Civ. P. 8(a) established by *Twombly/Iqbal*.  Smartmatic's Motion is without merit and should be denied.

If the Court nevertheless determines Smartmatic's Motion should be granted in whole or in part, ES&S respectfully submits that the appropriate remedy would be to grant ES&S leave to file an amended complaint based on Smartmatic's infringement.

## II.    SUMMARY OF ARGUMENT

1.    Through pre-suit correspondence and detailed allegations in its Complaint, ES&S has provided more than sufficient detail to put Smartmatic on notice of the specific activity that ES&S is accusing of infringement.  Indeed, ES&S identified the claims of the Patents-In-Suit Smartmatic is infringing, the specific act of infringement, the product accused of infringement, and the customer to which Smartmatic offered to sell an infringing product.  ES&S has therefore stated a claim for patent infringement despite Smartmatic's refusal to provide the technical details requested by ES&S.

2.    ES&S provided notice to Smartmatic at least as early as February 23, 2018, that Smartmatic's participation in the LA County VSAP RFP implicated ES&S's '273 and '471

patents.  Despite having notice of ES&S's patents and ES&S's assertion that Smartmatic's

participation in the VSAP project would infringe the patents, Smartmatic made an infringing

offer to sell to LA County.  ES&S's Complaint alleges these facts in specific detail and thus

sufficiently pleads a claim of willful infringement.

   3. To the extent the Court grants any part of Smartmatic's Motion, dismissal with

prejudice is not appropriate.  Justice requires that ES&S instead be granted leave to file an

amended complaint under Fed. R. Civ. P. 15(a)(2).

## III. STATEMENT OF FACTS

### A. The '273 Patent

   The '273 patent, entitled "Ballot Marking System and Apparatus Utilizing Multiple Key

Switch Voter Interface," contains four independent claims and fifteen dependent claims.  D.I. 1-2

at 18:14-20-44.  Independent claim 1 is directed to a method of voting, while independent claim

13 is directed to a voting system on which the claimed method can be performed.  *Id.*  While the

pre-suit correspondence between ES&S and Smartmatic focused on claim 1, Smartmatic stated

that it had not delivered a product to LA County.  While there could be no infringement of the

method of claim 1 without use of the infringing machine, Smartmatic nevertheless infringed

claim 13 by offering to sell a product that is covered by the claim.  Complaint at ¶¶70-80.

   The claim limitations in claim 1 and claim 13 are nearly identical, other than claim 1 is a

method claim and claim 13 is a system claim.  D.I. 1-2 at 18:14-33 and 20:1-22.  Claims 1 and 13

follow:

| Claim 1 of the '273 Patent | Claim 13 of the '273 Patent |
|---|---|
| 1. A method of voting that allows a voter to navigate a plurality of contests and a plurality of options associated with each of said contests, said method comprising: | 13. A voting system comprising: |
| | a ballot marking device; |

| | one or both of a display screen and a set of headphones in communication with said ballot marking device and configured to present a plurality of contests and a plurality of options associated with each of said contests; and |
|---|---|
| providing a navigation device comprising a center pushbutton switch, a first pair of push-button switches positioned above and below said center push-button switch, and a second pair of push-button switches positioned left and right of said center push-button switch; | a navigation device in communication with said ballot marking device and having a center push-button switch, a first pair of push-button switches positioned above and below said center push-button switch, and a second pair of push-button switches positioned left and right of said center push-button switch, |
| presenting said contests and said associated options to the voter, wherein one of said first and second pairs of push button switches enables the voter to scroll among said contests, and wherein the other of said first and second pairs of push-button switches enables the voter to scroll among said options; and | wherein said navigation device is configured such that one of said first and second pairs of push-button switches enables scrolling among said contests, wherein the other of said first and second pairs of push-button switches enables scrolling among said options; |
| receiving a plurality of voting selections from the voter, wherein said center push-button switch enables the voter to make at least one voting selection for each of said contests by selecting at least one of said options without providing any input on other of said options.<br><br>*Id.* at 18:14-33. | and wherein said center push-button switch enables the entry of at least one voting selection for each of said contests by selecting at least one of said without providing any input on other of said options.<br><br>*Id.* at 20:1-22. |

**B.**    **The '471 Patent**

The '471 patent, entitled "Ballot Marking Device Having Attached Ballot Box," contains three independent claims and seventeen dependent claims. D.I. 1-1 at 21:33-24:9. Independent claim 1 of the '471 patent is directed to a ballot marking device and an attached ballot box. *Id.* at 21:33-53. Independent claim 16 of the '471 patent is directed to a voter assistance terminal that comprises similar limitations as claim 1 (*e.g.*, a presentation device, an input device, a transport

mechanism). *Id.* at 22:48-23:7:3.  At this time, ES&S has accused Smartmatic of infringing

claims 1 and 16 of the '471 patent.  Complaint at ¶¶59-69.

The '471 patent is generally directed to a "ballot marking device adapted to mark a ballot

and either return the marked ballot to the voter or automatically deposit the marked ballot into a

secure ballot box attached to the marking device."  D.I. 1-1 at Abstract.  Claims 1 and 16 follow:

| Claim 1 of the '471 Patent | Claim 16 of the '471 Patent |
|---|---|
| 1. A ballot marking device adapted to mark a ballot in accordance with selections made by a voter and to either directly deposit the marked ballot into an attached ballot box or return the marked ballot to the voter, the device comprising: | 16. A voter assistance terminal, comprising: |
| a presentation device operable to present to the voter a plurality of election choices and a plurality of ballot handling choices; | a presentation device operable to present to a voter a plurality of election choices and a plurality of ballot handling choices, wherein the ballot handling choices comprise returning a ballot to the voter and depositing the ballot into a ballot box; |
| an input device operable to receive from the voter at least one selection corresponding to the election choices and at least one instruction corresponding to the ballot handling choices; | an input device operable to receive from the voter at least one selection corresponding to the election choices and an instruction corresponding to the ballot handling choices; |
| a marking mechanism operable to record the received voter selection on the ballot; | a print mechanism operable to record the received voter selection on the ballot; |
| a transport mechanism operable to transport the ballot through a ballot channel of the device;

a diverter operable to direct the ballot from the transport mechanism into the attached ballot box; and | a transport mechanism operable to transport the ballot through a ballot channel in accordance with the received voter instruction, wherein the transport mechanism causes ejection of the ballot if the received voter instruction is to return the ballot to the voter, and wherein the transport mechanism causes deposit of the ballot into the ballot box if the received voter instruction is to deposit the ballot into the ballot box; and |
| wherein the presentation device, the input device, the marking mechanism, the transport mechanism, and the diverter are integrated in a single unit.

*Id.* at 21:33-53. | wherein the presentation device, the input device, the print mechanism, and the transport mechanism are integrated in a single unit.

*Id.* at 22:48-23:3. |

### C.     ES&S's Pre-suit Investigation and Correspondence with Smartmatic

On September 18, 2017, LA County issued a Request for Proposal (VSAP RFP) Phase 1 – Prequalification to voting machine manufacturers.  Complaint at ¶29.  In its RFP, LA County requested voting machine manufacturers to submit bids to provide voting machine implementation and support services to LA County for the County's new Voting Solutions For All People (VSAP) project.  *Id.*[2]  As explained in ES&S's Complaint, LA County's VSAP project represents an effort by LA County to modernize the County's voting system by contracting with a voting machine manufacturer to provide a specific ballot marking device (BMD) and associated hardware and software.  *Id.* at ¶31.  Both ES&S and Smartmatic participated in Phase 1 of LA County's VSAP RFP and qualified to submit proposals in Phase 2.  *Id.* at ¶34.

Based on the requirements of the VSAP RFP, ES&S believed that the winning voting machine manufacturer would necessarily infringe at least certain claims of the Patents-In-Suit.  Because of this, ES&S notified Smartmatic and LA County by letter on February 23, 2018, that ES&S owned the Patents-In-Suit and that the patents were implicated by the VSAP project.  *Id.* at ¶38.  ES&S also included copies of the Patents-In-Suit with the February 23, 2018 letter.  *Id.*

After receiving the February 23, 2018 letter, Smartmatic submitted an offer to sell a BMD machine meeting the specifications in LA County's VSAP RFP Phase 2 in March 2018.  *Id.* at ¶39.  In June 2018, ES&S first became aware that LA County selected Smartmatic as the winning bidder and awarded Smartmatic the contract to manufacture and sell the BMD voting machines requested in LA County's VSAP RFP.  *Id.* at ¶40.

---

[2] The September 18, 2017 VSAP RFP was a Phase 1 prequalification for a two-phase RFP.  For any bidding company that passed the Phase 1 prequalification, that company could bid on the final Phase 2 of the VSAP RFP.  Complaint at ¶¶30, 33.

While ES&S knew basic information about the VSAP RFP Phase 2 through its participation in Phase 1 of the VSAP RFP, the specific technical details of the requested voting machines were considered confidential by LA County.  Because of this, on June 7, 2018, ES&S submitted a FOIA request to LA County to gather additional information relating to the VSAP project and Smartmatic's proposal to provide BMD voting machines to LA County.  *Id.* at ¶¶41, 43; *see also* D.I. 1-3 (Exhibit C to Complaint).  LA County responded to ES&S's FOIA request by refusing to provide the requested technical information.  Complaint at ¶43; D.I. 1-3.  To quote LA County's response:

> the County's Specification Documents and Requirements as well as related third party documents [*i.e.*, Smartmatic's documents] are confidential information and contain protected intellectual property and trade secret information.  Accordingly, such confidential, proprietary, or privileged information is exempt and will not be produced, or will be redacted as appropriate based on the nature of the record.

D.I. 1-3 at 2-3.

On July 9, 2018, ES&S received a select group of documents from LA County, including Smartmatic's offer to sell BMD voting machines to LA County to fulfill the VSAP project, as well as a contract between LA County and Smartmatic.  Complaint at ¶44.  These documents received in response to ES&S's FOIA request, however, are incomplete as they are missing technical information.  For instance, technical drawings are missing and certain pricing information was redacted.  *Id.* at ¶¶44 and 45.

Having failed to obtain the requested information from LA County, ES&S's counsel sent a letter to Smartmatic on July 19, 2018.  *Id.* at ¶49; D.I. 1-4 (Exhibit D to Complaint).  In the July 19 letter, ES&S stated that while LA County withheld certain technical documents from its FOIA response, the information ES&S was able to uncover revealed that Smartmatic likely infringed at least claim 1 of the '273 patent and claim 1 of the '471 patent.  D.I. 1-4 at 2-4.

In support of its infringement contention, ES&S included the below images from the

VSAP RFP and RFP response showing the requested BMD in its July 19 letter:





*Id.* at 2-4.  These images show how the BMD requested in the VSAP RFP, and offered by

Smartmatic, has a display screen, headphones, and a navigation device with a pair of push-

buttons positioned above and below and to the left and right of a center push-button.  Further,

these images show a voter assistance terminal with a presentation device, an input device, a print

mechanism, and a transport mechanism all integrated in a single unit.  In other words, ES&S's

July 19 correspondence identified Smartmatic's infringing offer, the customer (LA County) to

which Smartmatic made the infringing offer, and explained how the BMD offered to LA County

by Smartmatic satisfies limitations of the claims of the Patents-In-Suit.  *Id.*

On August 3, 2018, Smartmatic's counsel responded to ES&S's July 19 letter by refusing

to provide the requested documents that LA County withheld or an explanation of why

Smartmatic did not infringe.  D.I. 1-6 (Exhibit F to Complaint).  Following the exchange of

correspondence with Smartmatic's counsel, ES&S filed this lawsuit based on its reasonable

information and belief that Smartmatic infringed.  Complaint at ¶58.  Notably, ES&S included

the following statement in its Complaint:

> On information and belief, Smartmatic has made, used, sold, or offered for sale its
> BMD for the LA County VSAP project which, based on publicly available
> information and pre-suit correspondence with Smartmatic, implements the specific
> elements described and claimed in ES&S's '471 patent and '273 patent.  In
> accordance with Fed. R. Civ. P. 11(b)(3), based at least on publicly available
> information and pre-suit correspondence between ES&S and Smartmatic, ES&S
> believes that its allegations will have additional evidentiary support after a
> reasonable opportunity for discovery.

*Id*.

## IV.   ARGUMENT

### A.    Applicable Legal Standards

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must "accept as true

all material allegations in the complaint."  *Cipla Ltd. v. Sunovion Pharm., Inc.*, 174 F. Supp. 3d

869, 871 (D. Del. 2016).  "The issue is not whether a plaintiff will ultimately prevail but whether

the claimant is entitled to offer evidence to support the claims."  *Id.; see also In re Burlington

Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997).  A court may grant a motion to

dismiss for failure to state a claim "only if, after accepting all well-pleaded allegations in the

complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not

entitled to relief."  *Cipla Ltd.,* 174 F. Supp. 3d at 871 (internal citations omitted)*.*  "When

evaluating a complaint, the Court may consider any documents or exhibits attached to or associated with the complaint." *Id*.

Before December 1, 2015, the sufficiency of a patent infringement complaint was reviewed based on Form 18 of the Federal Rules of Civil Procedure. *See Prowire LLC v. Apple, Inc.*, No. 17-223, 2017 U.S. Dist. LEXIS 126640, *5 (D. Del. Aug. 9, 2017). On December 1, 2015, the Supreme Court abrogated Form 18 and "districts [sic] courts around the country, including this District, thereafter held 'allegations of direct infringement are now subject to the pleading standards established by *Twombly* and *Iqbal*, requiring plaintiffs to demonstrate a 'plausible claim for relief.'" *Id*. While Form 18 has been abrogated, the Federal Circuit has never found that there is a difference between Form 18 and *Iqbal/Twombly*. *See Lifetime Indus., Inc. v. Trim-Lok, Inc*., 869 F.3d 1372, 1377 (Fed. Cir. 2017) ("The parties assume that there is a difference between the requirements of Form 18 and *Iqbal/Twombly*; however, we have never recognized such a distinction.").

"Fed. R. Civ. P. 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Under *Iqbal/Twombly,* a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

When considering a motion to dismiss a complaint asserting patent infringement, courts in this District must address "whether [the plaintiff] has provided sufficient information to allow the court to determine plausibility and [] defendant to respond to the complaint." *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 470 (D. Del. 2016). "'The complaint must state

enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element' of a plaintiff's claim." *Cipla Ltd*, 74 F. Supp. 3d at 871.  A more detailed pleading standard, such as providing a detailed infringement showing, is not required. *DermaFocus LLC*, 201 F. Supp. 3d at 469.  ("Absent specific guidance from the Federal Circuit directing the court to front-load the litigation process by requiring a detailed complaint in every instance, the court declines to do so.").

### B.  ES&S's Allegations of Direct Infringement and Willful Infringement Against Smartmatic Satisfy the Pleading Requirements

#### 1.  *ES&S's Allegations of Direct Infringement of the '273 and '471 Patents Satisfy Rule 8(a)*

##### i.  ES&S's Complaint and Exhibits Provide Sufficient Detail to Support its Infringement Allegations

To prove patent infringement, the patent owner "must establish that one or more claims of the patent (as construed by the court) read on the accused [system or apparatus] either literally or under the doctrine of equivalents." *DermaFocus LLC*, 201 F. Supp. 3d at 469 (citing *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001)).  For a patent owner to state a claim for direct infringement "sufficient to withstand *Iqbal/Twombly* scrutiny," plaintiff must simply identify "products which perform the same unique function as [the] patented system." *Id.* (internal citations omitted).

Contrary to Smartmatic's assertions, ES&S's Complaint and supporting Exhibits provide more than sufficient information to satisfy the *Iqbal/Twombly* pleading requirements.  Indeed, ES&S's Complaint and Exhibits specifically identify:  (1) the claims of the Patents-In-Suit that Smartmatic infringes (claim 13 of the '273 patent and claims 1 and 16 of the '471 patent) (Complaint at ¶¶61, 72); (2) the customer (LA County) to whom Smartmatic offered to sell its infringing device (*id.* at ¶¶39, 49, 57, 61, 63, 72, 74); (3) the infringing act (*i.e.*, the offer to sell

to LA County as part of the VSAP RFP) (*id.* at ¶¶39, 49, 57, 61, 63, 72, 74);[3] (4) when the infringing act took place (*id.*); (5) the product accused of infringement (*id.* at ¶¶40, 44, 49; D.I. 1-4); and (6) how the asserted claims read on the accused product, to the best of ES&S's knowledge (*id.* at ¶¶48-50; D.I. 1-4).  *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) ("Our precedent requires that a complaint place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'  The SAC meets that requirement.  Lifetime identified where the alleged infringement occurred (the Forest River plant); when it occurred (in or around June 2013); who performed the allegedly infringing act (an agent or employee of Trim-Lok); and why (to test fit the seal onto the RV and to solicit sales).") (internal citations omitted).

Importantly, Smartmatic does not dispute that it provided a bid in response to LA County's VSAP RFP to sell the BMD requested in the RFP or that the machine Smartmatic offered to sell to LA County contains the claim limitations identified in ES&S's letters.  Instead, Smartmatic ignores these detailed factual allegations and summarily argues that ES&S's Complaint and accompanying exhibits "fail to even recite—let alone provide plausible factual support for—all of the claim elements of" the asserted claims.  D.I. 11 at 9 and 11.  As explained above, Smartmatics contention is not correct.  ES&S has provided allegations identifying how the BMDs offered by Smartmatic infringe the asserted claims.  *See, e.g.,* D.I. 1-4.

Regardless, such detailed pleadings as Smartmatic demands are not required at this stage as "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that

---

[3] Smartmatic's bid submitted in response to the LA County VSAP RFP constitutes an offer for sale.  *See FieldTurf Int'l, Inc. v. Sprinturf, Inc.*, 433 F.3d 1366, 1370 (Fed. Cir. 2006) (holding that "[a] bid to supply a product specified in a RFP is a traditional offer to sell" and that a bid under an RFP is "undoubtedly an offer of sale").

each element of an asserted claim is met." *Nalco Co. v. Chem-Mod, LLC,* 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks omitted); *see also DermaFocus, LLC*, 201 F. Supp. 3d at 470 (denying motion to dismiss where defendant alleged that plaintiff failed to "allege how all of the claimed method steps are performed."); *Uni-Systems, LLC v. United States Tennis Ass'n*, No. 17-cv-147 (KAM), 2018 U.S. Dist. LEXIS 172638, *22 (E.D.N.Y. Oct. 4, 2018) ("To sufficiently allege direct infringement of a patent, a party need not plead each element of the allegedly infringed claim; rather, drawing all reasonable inferences in the light most favorable to the plaintiff, 'the plaintiff need only 'nudge' its claim 'across the line from conceivable to plausible.'") (internal citations omitted).

Smartmatic's demand for detailed infringement contentions to be included in ES&S's Complaint is contrary to the controlling case law. At this stage, ES&S has more than sufficiently pleaded its allegations of patent infringement against Smartmatic.

### ii.   Smartmatic Cannot Benefit From its Withholding of Pertinent Information

Smartmatic's Motion is based on the flawed premise that ES&S allegedly failed to identify how Smartmatic's accused BMD satisfies *each and every* individual limitation of the asserted claims. D.I. 11, *e.g.*, at 3-4. But any such alleged failure is a direct result of Smartmatic's refusal to provide detailed technical information that is in Smartmatic's and LA County's possession. Smartmatic and LA County refused to provide that technical information despite ES&S's repeated requests prior to filing this lawsuit. Complaint at ¶¶41-45, 48-55; D.I. 1-3, 1-4, 1-5, 1-6, 1-7, 1-8. Instead, Smartmatic summarily stated that ES&S's infringement allegations were incorrect without providing any factual basis for Smartmatic's denial. Having refused to provide the requested technical information, Smartmatic now asserts that ES&S's Complaint must be dismissed on the merits because it purportedly lacks those technical details.

13

Smartmatic's position is contrary to controlling law.  To satisfy the pleading requirements, "[a] filed pleading must be 'to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,' such that 'the factual contents have evidentiary support, or if so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.'"  *DermaFocus LLC*, 201 F. Supp. 3d at 468 (quoting *Anderson v. Bd. Of Sch. Directors of Millcreek Twp. Sch. Dist.*, 574 F. App'x 169, 174 (3d Cir. 2014)).  "In the context of patent litigation, it is logical to presume that a defendant has greater access to and, therefore, more information about its accused" apparatus or system.  *Id.* at 469.

Indeed, Smartmatic "cannot shield itself from a complaint . . . by operating in such secrecy that the filing of a complaint itself is impossible."  *Id.* (quoting *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013)).  This is because ES&S "cannot allege infringement beyond what is known or able to be discovered in good faith including information not available to it because it is solely within the defendant's control."  *Prowire LLC*, 2017 U.S. Dist. LEXIS 126640, *1.  Because of these concerns, courts in this District "scrutinize [a] . . . complaint in balancing the need to proceed with plausible allegations putting the defendant on notice of the specific challenge against our hesitancy to require patent owners to plead all possible but as yet unknown evidence necessary to prove their claim [of] infringement at trial."  *Id.* (denying motion to dismiss where "the patent owner plausibly alleged the accused conduct infringes on the challenged claims and when defendant's arguments focus on information arguably within its sole possession before expedited disclosures.").

As explained in the preceding section, ES&S's Complaint pleads "facts sufficient to allow a reasonable inference" of direct infringement based on the knowledge and information available to ES&S.  *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016).  *See also*

*DermaFocus, LLC,* 201 F. Supp. 3d at 470 (denying motion to dismiss where "[u]nder these circumstances, the court concludes that plaintiff has given defendant reasonable notice of a plausible claim for direct infringement . . ..").  Additional information that will support the merits of ES&S's claim is exclusively within Smartmatic's possession and will be produced to ES&S through discovery in this case.

ES&S's Complaint puts Smartmatic on reasonable notice of a plausible claim of direct infringement.  This is all that is required at this stage, and the Complaint therefore satisfies *Iqbal/Twombly* and Rule 8(a).

> 2.   *ES&S's Allegations of Willful Infringement Also Satisfy the Pleading Requirements*

Smartmatic's assertion that ES&S's willful infringement allegations should be dismissed is also without merit.  D.I. 11 at 12.  Willful patent infringement requires proof that "the accused infringer:  (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent."  *Align Tech., Inc. v. 3Shape A/S*, No. 17-1646-LPS-CJB, 2018 U.S. Dist. LEXIS 152717, at *22 (D. Del. Sep. 7, 2018) (citing *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 U.S. Dist. LEXIS 88696, at *13 (D. Del. May 29, 2018)).  Each of these elements is specifically pleaded in ES&S's Complaint.

To wit, ES&S's Complaint alleges that:  (1) ES&S provided Smartmatic notice of the Patents-In-Suit (and copies of the Patents-In-Suit) and the basis of ES&S's infringement claims on February 23, 2018 (Complaint at ¶38); (2) Smartmatic was thus "objectively aware of, and had knowledge of, the '471 [and '273] patent[s] at least as early as February 23, 2018" (*id.* at ¶¶62, 73); (3) Smartmatic submitted an infringing offer to sell the accused voting machines to LA County as a prime contractor in March 2018 after receiving notice of the Patents-In-Suit (*id.*

15

at ¶¶39); and (4) Smartmatic acted with knowledge of the Patents-In-Suit and "despite an objectively high likelihood that its actions constituted infringement of at least one valid and enforceable claim" of the Patents-In-Suit (*id.* at ¶¶64-67 and 75-78).  These allegations are more than sufficient to satisfy ES&S's willful infringement pleading requirements.  *See Align Tech., Inc.*, 2018 U.S. Dist. LEXIS 152717, at *22.

Smartmatic argues that because ES&S allegedly has "not set forth a plausible claim of direct infringement," its willful infringement allegations are inadequate.  D.I. 11 at 12.  Similarly, Smartmatic argues that "with respect to claim 1 of the '471 patent . . . ES&S has not plead sufficient facts to plausibly demonstrate that Smartmatic was on notice of how it was that they were alleged to infringe."  *Id.*  These arguments fail for the same reasons presented above showing how Smartmatic was on notice of its actual infringement prior to making its infringing offer to sell the accused voting machines to LA County.  *See* Sections IV(B)(1)(i) and IV(B)(1)(ii).

Additionally, Smartmatic asserts, without any legal support, that ES&S's willful infringement allegations should be dismissed because "ES&S did not provide any pre-suit notice of claim 13 of the '273 patent, or claim 16 of the '471 patent."  D.I. 11 at 12 (emphasis in original).  Smartmatic's assertion is baseless.  Through pre-suit correspondence, ES&S put Smartmatic on notice of both the '273 and '471 patents by providing these patents directly to Smartmatic prior to Smartmatic's infringing offer for sale and informing Smartmatic that the Patents-In-Suit were implicated by the LA County VSAP project.  Complaint at ¶¶38-39.  Contrary to Smartmatic's assertion, ES&S was not obligated to specifically identify each and every claim that Smartmatic infringes in order to prove willfulness.  Smartmatic presents no contrary legal authority to support its novel argument.  Instead, all that is required is that

16

Smartmatic had knowledge of the *Patents-In-Suit* (which Smartmatic does not dispute) and that it knew, or should have known, that its conduct amounted to infringement of the patents.

Regardless, ES&S specifically identified claim 1 of the '471 patent in its February 23, 2018 letter to Smartmatic.  D.I. 1-4.  This claim is asserted in ES&S's Complaint.  Complaint at ¶61.  Additionally, ES&S identified claim 1 of the '273 patent in its February 2018 letter.  D.I. 1-4.  As previously stated, the difference between claim 1 and claim 13 in the '273 patent is that claim 1 is a method claim while claim 13 is the system claim.  The limitations are otherwise nearly identical.  Smartmatic's argument that Smartmatic was not on notice that its actions may infringe claim 13 is not correct.

ES&S has made a plausible claim for willful infringement of the Patents-In-Suit.  ES&S respectfully submits that Smartmatic's Motion to dismiss these claims be denied.

### C.     In the Unlikely Event the Court Believes Smartmatic's Motion Should Be Granted, ES&S Should Be Granted Leave to Amend its Complaint

Despite the detailed Complaint putting Smartmatic on notice of ES&S's infringement allegations, Smartmatic asks the Court to dismiss ES&S's Complaint with prejudice and without leave to amend.  But this remedy is extraordinary.  If the Court grants Smartmatic's Motion in whole or in part, ES&S respectfully requests leave to file a first amended complaint.

Under Rule 15(a)(2), courts "should freely give leave [to amend a pleading] when justice so requires."  Here, ES&S's intellectual property is being willfully infringed by a direct competitor.  Further, ES&S reasonably believes it has satisfied the pleading standards with its original Complaint.  ES&S has not filed any amended pleadings in this case.  ES&S respectfully submits that justice requires granting ES&S leave to amend to the extent the Court grants Smartmatic's Motion.  *See Modern Telecom Sys., LLC v. TCL Corp.*, No. 17-583-LPS-CJB, 2017 U.S. Dist. LEXIS 209717, *7 (D. Del. Dec. 21, 2017) (report and recommendation

recommending leave to amend a complaint) (report and recommendation adopted on January 9, 2018).

## V.    CONCLUSION

Smartmatic should not be permitted to continue to infringe while hiding behind confidentiality to shield the details of its infringement.  For the reasons stated above, ES&S respectfully requests the Court to deny Smartmatic's Motion in its entirety.  Alternatively, ES&S respectfully requests leave to amend its Complaint.

Dated: November 7, 2018

Respectfully submitted,

ROGOWSKI LAW LLC

By: _Patricia S Rogowski_
Patricia Smink Rogowski, Del. Bar ID #2632
501 Silverside Road, Suite 11
Silverside Carr Executive Center
Wilmington, DE 19809
Tel: (302) 893-0048
pat@rogowskilaw.com

STINSON LEONARD STREET LLP

Robert M. Evans, Jr., Mo Bar #35613 (*Pro Hac Vice*)
Michael J. Hartley, Mo Bar #55057 (*Pro Hac Vice*)
Kyle G. Gottuso, Mo Bar #64869 (*Pro Hac Vice*)
770 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105
Tel: (314) 863-0800
Fax: (314) 345-7600
robert.evans@stinson.com
mike.hartley@stinson.com
kyle.gottuso@stinson.com

*Attorneys for Plaintiff Election Systems & Software, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Patricia Smink Rogowski*