# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Election Systems & Software, LLC, | |
| Plaintiff, | C.A. No. 18-01259-RGA |
| v. | JURY TRIAL DEMANDED |
| Smartmatic USA Corporation, | |
| Defendant. | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT SMARTMATIC USA CORPORATION'S MOTION TO DISMISS COMPLAINT

Dated:  November 21, 2018

**OF COUNSEL**:

Aaron Wainscoat (admitted *Pro Hac Vice*)
Timothy Lohse (admitted *Pro Hac Vice*)
Harpreet Singh (admitted *Pro Hac Vice*)
Erin McLaughlin (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
2000 University Ave.
East Palo Alto, CA 94303
Telephone: 650.833.2000
Facsimile: 650.833.2001
aaron.wainscoat@dlapiper.com
timothy.lohse@dlapiper.com
harpreet.singh@dlapiper.com
erin.mclaughlin@dlapiper.com

Larissa S. Bifano (admitted *Pro Hac Vice*)
Michael Van Handel (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: (617) 406-6000
Facsimile:   (617) 406-6100
larissa.bifano@dlapiper.com
michael.vanhandel@dlapiper.com

Denise S. Kraft (DE Bar No. 2778)
Brian A. Biggs (DE Bar No. 5591)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone:  (302) 468-5700
Facsimile:   (302) 394-2341

*Attorneys for Defendant*
*Smartmatic USA Corporation*

# **TABLE OF CONTENTS**

I. ARGUMENT ........................................................................................................................ 1

    A. The Allegations In The Complaint Regarding The Legal Basis For Infringement Are Not Well-Pleaded ...................................................................... 2

    B. The Allegations In The Complaint Regarding The Alleged Accused Product Are Not Well-Pleaded ................................................................................ 4

    C. The Allegations In The Complaint Regarding The Specific Patent Claims At Issue Are Not Well-Pleaded ................................................................. 6

    D. The Allegations In The Complaint Regarding Willful Infringement Are Not Well-Pleaded ..................................................................................................... 7

II. CONCLUSION ................................................................................................................... 8

I. **ARGUMENT**

ES&S seeks to avoid inconvenient truths at the pleading stage of this lawsuit by omitting or mischaracterizing material allegations in its Complaint. In so doing, it fails to provide reasonable notice of: (a) the legal basis for its claims, (b) the factual basis for the specific patent claims actually asserted; (c) the actual product accused of infringement; and (d) the requisite subjective intent sufficient to support a willful infringement claim. Despite these deficiencies, ES&S tries to defend its deficient pleading by a misplaced reliance on the proposition that well-pleaded allegations in a complaint should be accepted as true, and by improperly shifting its burden to perform a reasonable inquiry to Smartmatic (or LA County). But the allegations in ES&S's Complaint are not well-pleaded.

ES&S's Opposition brief makes several key admissions that demonstrate why the allegations in its Complaint are either incomplete, inaccurate or misleading. For reasons identified to ES&S <u>before</u> it filed its Complaint, Smartmatic does not believe ES&S can in good faith cure the admitted deficiencies. Nevertheless, unless (and until) ES&S clarifies the factual and legal bases for its claims through an amended complaint, the Court should not conclude that ES&S has provided reasonable notice of a plausible claim of infringement, and the proper remedy is dismissal for failure to state a claim under Rule 12(b)(6).

The pleading deficiencies in ES&S's Complaint have now come more clearly into focus with ES&S's Opposition brief. In this regard, the Complaint asserts that Smartmatic directly infringes the asserted patents by "making, using, importing, offering to sell, and/or selling the Smartmatic BMD to LA County, within the United States, for LA County's VSAP project." (Complaint, ¶¶ 61, 72.) As further explained below (and notwithstanding the purported clarifications in its Opposition), ES&S's allegations do not adequately state that direct

infringement is being asserted solely upon a theory of an "offer to sell" evidenced by some agreement in connection with LA County's Request for Proposal ("RFP"), nor do the allegations adequately identify the actual product or device alleged to infringe, or in the case of the '273 patent, any factual basis supporting an allegation with respect to claim 13 (the only asserted claim). These pleading deficiencies warrant dismissal of the Complaint.

### A. The Allegations In The Complaint Regarding The Legal Basis For Infringement Are Not Well-Pleaded

Although the Complaint repeatedly asserts a typically boilerplate allegation that defendant "makes, uses, imports, sells and/or offers to sell" an infringing product, ES&S now admits (as it must) that the sole legal basis for asserting infringement against Smartmatic is based on an alleged "offer to sell" something to LA County stemming from an RFP to which ES&S and Smartmatic, among others, both participated. (Opposition, at 1.) ES&S therefore admits that it had no basis to allege that Smartmatic either made, used, imported or sold anything to LA County, let alone a ballot marking device that allegedly infringed a valid U.S. patent. Instead, it should at least amend its Complaint to state clearly that its direct and willful infringement allegations are premised exclusively on an "offer to sell" legal theory.

This clarification is important because an "offer to sell" theory has important ramifications regarding the sufficiency of the remaining allegations in the Complaint – not to mention whether ES&S can in good faith allege that the VSAP agreement for *Implementation and Support Services* even constitutes an "offer to sell" under the Patent Act – an issue that it conveniently avoids by skirting the issue in its Complaint. ES&S was put on notice of this very concern prior to filing its Complaint, when Smartmatic advised ES&S as follows in response to ES&S's conclusory infringement allegation:

2

> Your further response on August 6 highlights two core assumptions (each unwarranted) upon which you apparently intend to proceed. First, you assume Smartmatic has actually "offered to sell" a voting machine that you contend infringes claim 1 of three ES&S patents. But you have not identified any support for this allegation, nor provided any reference to any actual offer for sale within the meaning of the 35 U.S.C. 271(a). If, as your prior letter hints, you are referring to the agreement between the County of Los Angeles and Smartmatic for Voting Solutions for All People (VSAP) Implementation and Support Services, please identify why (with references to specific provisions) you believe this constitutes an "offer for sale."

(*See* Motion at 5-6; D.I. 1-8 at 1). ES&S did not explain itself in response to this request, and proceeded instead to file its Complaint in this matter – where it chose to plead around critical issues concerning the legal basis for its claims. ES&S did so by making selective and vague references to the VSAP agreement despite having a copy of the agreement, the ability to attach it to its Complaint (which it elected not to do), and the ability to identify what portion, if any, establishes that the agreement constitutes an "offer to sell" under the Patent Act. ES&S thus ignored factual information available to it which is necessary to provide reasonable notice of a plausible claim under these unique circumstances. Based on these facts (and the arguments raised in Smartmatic's opening brief), amendment of the Complaint at a minimum is warranted – though it remains to be seen whether ES&S can do so given the specific nature and terms of the VSAP agreement that it avoided.

In addition, as discussed immediately below, ES&S's failure to clearly allege an "offer to sell" with reference to the underlying agreement contributes to the failure of the Complaint to adequately identify the subject matter of the alleged "offer" (*i.e.*, the accused ballot marking device).

### B. The Allegations In The Complaint Regarding The Alleged Accused Product Are Not Well-Pleaded

By sidestepping the unique pleading issues attendant with a patent infringement claim premised solely on an "offer to sell" theory, ES&S fails to provide reasonable notice of the accused product itself – and as a result, fails to set forth a plausible claim of infringement. ES&S's allegations are particularly problematic here because the allegations of infringement are not based on an actual product or anything yet made and capable of being sold – but instead are based on a voting system solution envisioned by LA County and submitted for competitive bidding. Although the Complaint makes reference to this background, the actual allegations concerning the purportedly accused product are decidedly vague, and, when read together with the "incorporated" letters, are internally inconsistent.

Specifically, ES&S refers at times to "the Smartmatic BMD" as if it believed that Smartmatic itself has a product that it offered to sell to LA County. (Complaint, ¶ 61 (alleging Smartmatic infringed by "selling the Smartmatic BMD to LA County….").) But ES&S's Opposition makes it clear it does not believe (or allege) this to be the case – and it in fact is not the case. Instead, ES&S now clarifies in its Opposition that the subject matter of the alleged "offer to sell" that is being accused is the "BMD voting machines *requested in LA County's VSAP RFP*." (Opposition, at 6.) (emphasis added). Yet even this allegation is somewhat inconsistent with the pre-suit infringement correspondence attached to, and incorporated into, ES&S's Complaint. There, ES&S states that the alleged infringement concerns LA County's "VSAP ballot marking device" – but then ES&S identifies a "VSAP ballot marking device" that was demonstrated by LA County in a YouTube video published more than a year ago (long before the VSAP agreement was executed in June 2018), in addition to excerpted images from the VSAP agreement itself. (*See* D.I. 1-4 at 2-3.)

4

Again, these pleading deficiencies are significant in normal circumstances, but particularly so here where the legal theory of infringement is based on an "offer to sell" in the context of a response to an RFP. In such a case, ES&S must clearly identify *what* it contends infringes, and allege *how* that accused product is the subject of an alleged "offer to sell" within the meaning of the Patent Act. Although ES&S attempts to make this clear in its Opposition brief, it is anything but clear (and in fact, unclear and inconsistent) in the current Complaint. This alone warrants amendment, if not dismissal.

Indeed, ES&S appreciates the significance of connecting an actual accused product, or final design of an accused product, to an alleged offer to sell in the context of an RFP. In this regard, in its principle pre-suit notice letter to Smartmatic, after referencing the VSAP agreement excerpt and the LA County YouTube video, ES&S demands:

> If it is your position that the above images and video do not represent the *final design* of the VSAP ballot marking device, then please provide ES&S with the *final design* of the VSAP ballot marking device and documents to support your position by July 27, 2018.

(D.I. 1-4 at 3 (repeated for '471 patent at p. 4) (emphasis added). Although ES&S goes to great lengths in its Complaint and its Opposition to blame Smartmatic (and LA County) for not providing confidential technical design information for the *final design* of the VSAP ballot marking device, it ignores Smartmatic's actual response to its demand for this information:

> ES&S and your firm simply cannot skirt the requisite pre-filing diligence by shifting the burden to Smartmatic. For the avoidance of doubt, you should not interpret Smartmatic's responses to date as an admission of any assumption, factual assertion, or legal conclusion, contained in ES&S's or your firm's prior correspondence. *Such assumptions include, but are not limited to, your unwarranted assumption that there even is a "final design" for the VSAP solution - there is not, and therefore there are no "technical and design documents relating to the final design of the VSAP ballot marking" that could be withheld (as you contend), let alone provided to ES&S*.

5

(D.I. 1-6 at 1-2) (repeated for '471 patent at p. 4) (emphasis added).  ES&S requested confirmation of final design documents because it understood a claim based on an "offer to sell" an *incomplete* design for a ballot marking device could not itself infringe ES&S's patents.  It nevertheless proceeded to file its Complaint – setting forth pleadings with a confused assortment of allegations, and omitting important details that undermine its "pre-suit correspondence" allegations attached to its Complaint and incorporated by reference.

As the Complaint currently stands, it is decidedly unclear if ES&S's allegations of infringement are based on Smartmatic's alleged offer to sell LA County: (1) Smartmatic's own voting device (and if so, which one); (2) a device depicted in the LA County video from 2017; (3) the VSAP ballot marking device requested in LA County's RFP; or (4) the incomplete design for a ballot marking device described in the VSAP agreement entered into in June 2018.  This deficiency is compounded by ES&S's deficient allegations identifying and linking the alleged "offer to sell" to the alleged "accused product."

For these reasons, a plausible claim of direct infringement cannot be established.  Again, it remains to be seen whether ES&S could in good faith remedy these deficiencies if given leave to amend.  But an appropriate remedy under the circumstances is dismissal of the complaint for failure to state a claim upon which relief can be granted.

    **C.**    **The Allegations In The Complaint Regarding The Specific Patent Claims At Issue Are Not Well-Pleaded**

As set forth in Smartmatic's opening brief, ES&S wholly fails to provide reasonable notice of any plausible claim of direct infringement with respect to claim 13 of the '273 – other than to improperly recite the bare conclusion that Smartmatic makes, uses, sells and/or offers to sell a device that directly infringes claim 13 of the '273 patent. (Smartmatic Motion, at V.A.)

6

ES&S argues that claim 1 and claim 13 are similar, and therefore allegations related to one (in a pre-suit letter) is sufficient to establish a plausible claim with respect to the other. Notably, ES&S offers no legal authority for this proposition.  At a minimum, ES&S's Complaint should be amended to state clearly the basis (rather than a conclusory assertion) for its claim that Smartmatic has offered to sell a device that directly infringes claim 13 of the '273 patent.  To date, it has not done so.  This is not a mere technical deficiency, nor just a formality – given the unique context presented by ES&S's "offer to sell" theory and its implications for asserting method claims and apparatus claims (and in the context of other key pleading deficiencies), the Complaint must be amended.  Indeed, as set forth below, even if ES&S could cure this aspect of its direct infringement allegations through amendment, its willful infringement contention is not so easily cured (if it can be cured at all).

**D.     The Allegations In The Complaint Regarding Willful Infringement Are Not Well-Pleaded**

For the same reasons that ES&S's allegations of direct infringement are deficient, so too are its derivative allegations concerning willful infringement.  (Motion, at V.C.)

In addition, the parties' disagreement regarding whether the alleged notice of infringement of claim 1 of the '273 patent (a method claim) in a pre-suit communication satisfies the pleading requirement with respect to the assertion of claim 13 (an apparatus claim) has further implications for ES&S's willful infringement allegations.  In this regard, ES&S admits that under a theory of an "offer to sell" where no product exists, "there could be no infringement of the method of claim 1 without use of the infringing machine." (Opposition, at 3.)  There is no dispute that the only factual allegation supporting ES&S's willful infringement allegation of the '273 patent relates to the alleged infringement of method claim 1 (notwithstanding the other deficiencies associated with this allegation).  ES&S's only response to this deficiency is its

7

argument that claim 1 and claim 13 are similar, and its argument that "all that is required is that Smartmatic had knowledge of the *Patents-in-Suit* (which Smartmatic does not dispute) and that it knew or should have known that its conduct amounted to infringement of the patents." (Opposition, at 16-17.)  However, for purposes of pleading willful infringement "there must be some other factual allegations that go to the accused infringer's subjective intent to infringe – *i.e.*, that plausibly demonstrate that the accused infringer not only knew of the patent-in-suit, but also knew or should have known that what it was doing (and what it continued to do) amounted to infringement of that patent."  *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at \*13 (D. Del. May 29, 2018).  "This will necessarily require an assessment of the totality of the patentee's allegations . . . ." *Id.* (citations omitted). Here, it is not disputed (as ES&S admits as much) that there can be no direct infringement of a method claim under an "offer to sell" legal theory.  So for purposes of alleging the subjective intent of an alleged willful infringement by Smartmatic in this case, it is wholly insufficient to exclusively cite to factual allegations of direct infringement of an unasserted method claim.  This is one additional reason why ES&S's willful infringement allegations are insufficient.

II.     CONCLUSION

Although a plaintiff is entitled to present its allegations in a favorable light, and is not required to prove the truth of the allegations in its complaint, it must still comply with federal pleading standards to provide reasonable notice of a plausible claim of infringement.  ES&S's complaint fails this test.  Moreover, ES&S cannot hide behind the oft-cited proposition that well-pleaded allegations in a complaint should be accepted as true, because the required allegations in this case are simply not well-pleaded.  After attempting to conduct a reasonable pre-filing investigation, ES&S learned that the VSAP agreement does not constitute an "offer to sell"

under the Patent Act, and that there is in fact no final design for any ballot marking device that could serve as the target of an infringement allegation. Nevertheless, ES&S moved forward with ambiguous allegations regarding the legal theory of infringement it pursued, failing to clearly assert that its claims were limited to an alleged "offer to sell" (let alone identifying the source of the alleged offer), failing to clearly identify the product accused of infringement, and asserting a new apparatus claim with no factual support.

Doubling down, ES&S even paints itself as a victim, suggesting that it was deprived of the opportunity to compete for the LA County VSAP project and that it lost profits it would have otherwise made. (Complaint, ¶ 57.) Yet ES&S voluntarily withdrew from the RFP process after completing the Phase I qualification process – even though it purports to hold exclusive rights to certain technology it believed was necessary to implement LA County's preferred design. By withdrawing, ES&S sought to leverage its perceived rights with LA County and other bidders (before any final award and before any final design) in order to secure for itself control over the certification of a publicly owned and developed voting system.

As explained above and in Smartmatic's opening brief, it is unclear under the circumstances of this case whether ES&S can, in good faith, remedy these fundamental deficiencies through an amendment pleading. But it is clear that the current version of the complaint fails to satisfy the pleadings requirements established under *Iqbal/Twombly* and that the complaint therefore should be dismissed.

Dated:  November 21, 2018

**OF COUNSEL**:

Aaron Wainscoat (admitted *Pro Hac Vice*)
Timothy Lohse (admitted *Pro Hac Vice*)
Harpreet Singh (admitted *Pro Hac Vice*)
Erin McLaughlin (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
2000 University Ave.
East Palo Alto, CA 94303
Telephone: 650.833.2000
Facsimile: 650.833.2001
aaron.wainscoat@dlapiper.com
timothy.lohse@dlapiper.com
harpreet.singh@dlapiper.com
erin.mclaughlin@dlapiper.com

Larissa S. Bifano (admitted *Pro Hac Vice*)
Michael Van Handel (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: (617) 406-6000
Facsimile:   (617) 406-6100
larissa.bifano@dlapiper.com
michael.vanhandel@dlapiper.com

Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ Denise S. Kraft*
Denise S. Kraft (DE Bar No. 2778)
Brian A. Biggs (DE Bar No. 5591)
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE  19801-1147
Telephone:  302.468.5700
Facsimile:   302.394.2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

*Attorneys for Defendant*
*Smartmatic USA Corporation*