IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELECTION SYSTEMS & SOFTWARE,
LLC,

   Plaintiff,

  v.

SMARTMATIC USA CORPORATION,

   Defendant.

Civil Action No. 18-1259-RGA

MEMORANDUM ORDER

Plaintiff has filed a complaint alleging patent infringement and willful infringement. (D.I. 1). Defendant has filed a motion to dismiss for failure to state a claim. (D.I. 10). The motion has been fully briefed. (D.I. 11, 15, 17). Defendant alleges that the Complaint is insufficient because it "fails to set forth a plausible explanation of how [Defendant] allegedly practices any asserted claim of any asserted patent." (D.I. 11 at 5).

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial

plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). The Third Circuit has stated "that a court can consider a 'document integral to or explicitly relied upon in the complaint'" without converting the motion to dismiss into a motion for summary judgment. *In re Rockefeller Center Properties, Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

The Court of Appeals for the Federal Circuit has addressed the issue of the sufficiency of a patent infringement complaint on multiple occasions. It seems apparent to me that the Court's view is that very little is required in order to plead a claim of patent infringement. For example, in *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018), the Court reversed a district court dismissal of a patent infringement complaint. In relevant part, the Court of Appeals stated:

> The district court determined that Disc Disease failed to "explain how Defendants' products infringe on any of Plaintiff's claims" because it "merely alleges that certain of Defendants' products 'meet each and every element of at least one claim' of Plaintiff's patents." We disagree. Disc Disease's allegations are sufficient under the plausibility standard of *Iqbal/Twombly*. This case involves a simple technology. The asserted patents, which were attached to the complaint, consist of only four independent claims. The complaint specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet "each and every element of at least one claim of the '113 [or '509] Patent, either literally or equivalently." These disclosures and allegations are enough to provide VGH Solutions fair notice of infringement of the asserted patents. The district court, therefore, erred in dismissing Disc Disease's complaint for failure to state a claim.

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d at 1260 (citations omitted).

In this case, the complaint alleges that a specifically-identified product infringes each of the two patents, copies of which are attached to the complaint. Specifically, the complaint alleges that Defendants committed an infringing act—an "offer to sell" by submitting a proposal in response to Los Angeles County's Request for Proposals for the VSAP program. (D.I. 1 ¶¶ 29, 31, 38, 39). The complaint identifies the specific product accused of infringement—the ballot marking device offered by Defendant to Los Angeles County. (D.I. 1 ¶¶ 46, 47, 49). Defendant argues that the relevant inquiry for direct infringement by an "offer to sell" is the final design as recognized by Plaintiff's complaint and pre-suit communications. (D.I. 1 ¶ 43; D.I. 1-6 at 1-2). I determine that Plaintiff has pleaded sufficient facts that the final design would plausibly be infringing based upon Los Angeles County's requested features.

I do not think meaningful distinctions can be made between complaints on the basis of the number of independent claims,[1] the number of accused products,[2] or even the complexity of the technology.[3] On the basis of *Disc Disease*, I think each count of the complaint states a claim for direct infringement.

Additionally, Plaintiff's complaint sufficiently states a claim for willful infringement. "A patent infringer's subjective willfulness, whether intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1926 (2016); *see also WBIP*, 829

---

[1] My understanding is that the sufficiency of each claim in a complaint is based on the allegations of that particular claim. Thus, from a sufficiency of the complaint basis, a complaint asserting two patents with two independent claims in each patent requires the same analysis as twenty patents with two independent claims in each patent.
[2] If the products are identified, I do not see any logical difference between the amount of notice given if there is one product or one hundred products.
[3] I am not a person of ordinary skill in the art of any technology, simple or complex. It is true that some patents are easier for me to understand than others, but I think the more relevant audience is the accused infringer. Generally-speaking, to a biotech company, a biotech patent is going to be simple technology even if I do not understand a word of it. Thus, what would be incomprehensible to me is still going to give "fair notice" to the company that makes the product, and to most companies that import, sell, or use the product.

F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages.").

The following alleged facts are highly relevant. Plaintiff's complaint alleges that Plaintiff gave Defendant notice of its infringement of the patents-in-suit on February 23, 2018. (D.I. 1 ¶ 38). After this notice, Defendant submitted a proposal offering to sell an accused infringing product. (*Id.* ¶ 39). On July 19, 2018, Plaintiff sent a letter to Defendant, informing Defendant that the ballot marking device it offered for sale infringed the patents-in-suit. (*Id.* ¶ 48-49). Defendant has continued with the VSAP proposal and development of a ballot marking device for Los Angeles County. (*Id.* ¶¶ 61, 72). On these facts, it is plausible that Defendant intentionally or knowingly infringed the patent-in-suit. Plaintiff has therefore sufficiently alleged that Defendant willfully infringed.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (D.I. 10) is DENIED.

Entered this 5 day of March, 2019.

*Richard G. Andrews*
United States District Judge