## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ELECTION SYSTEMS & SOFTWARE, LLC,

        Plaintiff,

  v.

SMARTMATIC USA CORP,

        Defendant.

C.A. No. 18-01259-RGA

**JURY TRIAL DEMANDED**

## DEFENDANT SMARTMATIC USA CORP'S
## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Smartmatic USA Corp ("Defendant" or "Smartmatic") by and through its undersigned counsel hereby answers Plaintiff Election Systems & Software, LLC's ("Plaintiff" or "ES&S") Complaint, filed August 17, 2018, and asserts its affirmative defenses.

## GENERAL DENIAL

Smartmatic denies each and every averment set forth in the Complaint, except for those allegations expressly and specifically admitted below in this Answer and Affirmative Defenses ("Answer"). In particular, Smartmatic specifically denies Plaintiff's allegations of patent infringement with respect to Smartmatic and all Smartmatic activities, products and/or methods accused of infringement and attributed to Smartmatic.

## PARTIES

1.    Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and on that basis denies the allegations set forth therein.

2.    Admitted.

**JURISDICTION AND VENUE**

3.      Smartmatic admits that Plaintiff purports to bring an action under Title 35 of the Unites States Code and jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) but Smartmatic denies any liability thereunder.  Smartmatic explicitly denies that it has committed any acts of infringement or that it is liable to Plaintiff in any way.

4.      Smartmatic admits that it is a corporation organized under the laws of Delaware. The remaining allegations contained in paragraph 4 are conclusions of law to which no response of Smartmatic is required.

5.      Smartmatic admits that it is a corporation organized under the laws of Delaware. Smartmatic does not contest venue in this District pursuant to 28 U.S.C § 1400(b) at this time.

**PATENTS-IN-SUIT**

6.      Smartmatic admits that U.S. Patent No. 8,096,471 (the "'471 Patent") entitled "Ballot Marking Device Having Attached Ballot Box" states on its face that it was issued on January 17, 2012 and lists Eugene M. Cummings and Sean Brockhouse as inventors. Smartmatic admits that what purports to be a copy of the '471 Patent was attached as Exhibit A to the Complaint.

7.      Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies the allegations set forth therein.

8.      Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and on that basis denies the allegations set forth therein.

9.      Smartmatic admits that U.S. Patent No. 7,753,273 (the "'273 Patent") entitled "Ballot Marking System and Apparatus Utilizing Multiple Key Switch Voter Interface" states on its face that it was issued on July 13, 2010 and names Eugene M. Cummings as inventor. Smartmatic admits that what purports to be a copy of the '273 Patent was attached as Exhibit B to the Complaint.

2

10.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and on that basis denies the allegations set forth therein.

11.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies the allegations set forth therein.

## ALLEGATIONS RELATING TO THE '471 PATENT AND THE '273 PATENT

12.     The allegations contained in paragraph 12 state conclusions of law to which no response of Smartmatic is required.  To the extent a response is required, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and on that basis denies the allegations set forth therein.

13.     The allegations contained in paragraph 13 state conclusions of law to which no response of Smartmatic is required.  To the extent a response is required, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and on that basis denies the allegations set forth therein.

14.     Smartmatic denies that Plaintiff's allegations in paragraph 14 of the Complaint are complete or accurate.  Based on these incomplete or inaccurate allegations, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis denies the allegations set forth therein.

15.     Smartmatic denies that Plaintiff's allegations in paragraph 15 of the Complaint are complete or accurate.  Based on these incomplete or inaccurate allegations, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis denies the allegations set forth therein.

16.     Smartmatic denies that Plaintiff's allegations in paragraph 16 of the Complaint are complete or accurate.  Based on these incomplete or inaccurate allegations, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and on that basis denies the allegations set forth therein.

17.     Smartmatic denies that Plaintiff's allegations in paragraph 17 of the Complaint are complete or accurate.  Based on these incomplete or inaccurate allegations, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and on that basis denies the allegations set forth therein.

18.     Smartmatic denies that Plaintiff's allegations in paragraph 18 of the Complaint are complete or accurate.  Based on these incomplete or inaccurate allegations, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis denies the allegations set forth therein.

19.     Smartmatic denies that Plaintiff's allegations in paragraph 19 of the Complaint are complete or accurate.  Based on these incomplete or inaccurate allegations, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies the allegations set forth therein.

20.     Smartmatic denies that Plaintiff's allegations in paragraph 20 of the Complaint are complete or accurate.  Based on these incomplete or inaccurate allegations, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and on that basis denies the allegations set forth therein.

21.     Smartmatic denies that Plaintiff's allegations in paragraph 21 of the Complaint are complete or accurate.  Based on these incomplete or inaccurate allegations, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and on that basis denies the allegations set forth therein.

22.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and on that basis denies the allegations set forth therein.

23.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and on that basis denies the allegations set forth therein.

24.     The allegations contained in paragraph 24 state conclusions of law to which no response of Smartmatic is required.  To the extent a response is required, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and on that basis denies the allegations set forth therein.

25.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and on that basis denies the allegations set forth therein.

26.     The allegations contained in paragraph 26 state conclusions of law to which no response of Smartmatic is required.  To the extent a response is required, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and on that basis denies the allegations set forth therein.

27.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and on that basis denies the allegations set forth therein.

28.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and on that basis denies the allegations set forth therein.

## ALLEGATIONS RELATING TO INFRINGEMENT

29.      Smartmatic admits that the County of Los Angeles ("LA County") issued a Request for Proposals (RFP) related to LA County's Voting Solutions For All People (VSAP) project in or about September 2017, but otherwise denies that the characterizations of the RFP set forth in paragraph 29 are complete or accurate.

30.     Smartmatic admits that LA County's RFP that issued in or about September 2017 included a designation "#17-008," but otherwise denies that the characterizations of the RFP set forth in paragraph 30 are complete or accurate.

31.     Smartmatic denies that Plaintiff's allegations in paragraph 31 of the Complaint are complete or accurate.  Based on these incomplete or inaccurate allegations, Smartmatic lacks

sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and on that basis denies the allegations set forth therein.

32.     Smartmatic admits that LA County issued an RFP in or about January 2018 that included a designation "#17-008," but otherwise denies that the characterizations of the RFP set forth in paragraph 32 are complete or accurate

33.     Smartmatic denies that Plaintiff's allegations in paragraph 33 of the Complaint are complete or accurate.  Based on these incomplete or inaccurate allegations, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and on that basis denies the allegations set forth therein.

34.     Smartmatic admits that at least Smartmatic and ES&S participated in the LA County RFPs issued in or about September 2017 and January 2018.  Smartmatic denies that Plaintiff's remaining allegations in paragraph 34 of the Complaint are complete or accurate. Based on these incomplete or inaccurate allegations, Smartmatic lacks sufficient information with which to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint, and on that basis denies the allegations set forth therein.

35.     Smartmatic denies that Plaintiff's allegations in paragraph 35 of the Complaint are complete or accurate.  Based on these incomplete or inaccurate allegations, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and on that basis denies the allegations set forth therein.

36.     Smartmatic denies that Plaintiff's allegations in paragraph 36 of the Complaint are complete or accurate.  Smartmatic admits that it is a technology company that designs and implements secure voting technologies.  The remaining allegations contained in paragraph 36 are conclusions of law to which no response of Smartmatic is required.

37.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, and on that basis denies the allegations set forth therein.

38.     Smartmatic admits that it received a letter from Plaintiff dated February 23, 2018. Smartmatic denies that Plaintiff's remaining allegations in paragraph 38 of the Complaint are complete or accurate.  Based on these incomplete or inaccurate allegations, Smartmatic lacks sufficient information with which to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint, and on that basis denies the remaining allegations set forth therein.

39.     Smartmatic admits that it participated in the LA County RFPs issued in or about September 2017 and January 2018.  Smartmatic denies that Plaintiff's remaining allegations in paragraph 39 of the Complaint are complete or accurate.  Based on these incomplete or inaccurate allegations, Smartmatic lacks sufficient information with which to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the Complaint, and on that basis denies the allegations set forth therein.

40.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, and on that basis denies the allegations set forth therein.

41.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, and on that basis denies the allegations set forth therein.

42.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, and on that basis denies the allegations set forth therein.

43.     Smartmatic admits that what purports to be a letter from the County of Los Angeles Office of the County Counsel was attached as Exhibit C to the Complaint.  Smartmatic lacks sufficient information with which to form a belief as to the truth of the remaining allegations contained in paragraph 43 of the Complaint, and on that basis denies the allegations set forth therein.

44.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and on that basis denies the allegations set forth therein.

45.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and on that basis denies the allegations set forth therein.

46.     Smartmatic explicitly denies that it has committed any acts of infringement or that it is liable to Plaintiff in any way. Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, and on that basis denies the allegations set forth therein.

47.     Smartmatic explicitly denies that it has committed any acts of infringement or that it is liable to Plaintiff in any way. Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and on that basis denies the allegations set forth therein.

48.     Smartmatic admits that its counsel received a letter from Plaintiff's counsel dated July 19, 2018.  Smartmatic denies that Plaintiff's remaining allegations in paragraph 48 of the Complaint are complete or accurate.  Smartmatic admits that what purports to be a copy of a letter dated July 19, 2018 is attached to the Complaint as Exhibit D.  Smartmatic explicitly denies that it has committed any acts of infringement or that it is liable to Plaintiff in any way. Except as admitted herein, Smartmatic lacks sufficient information with which to form a belief as to the truth of the remaining allegations contained in paragraph 48 of the Complaint, and on that basis denies the remaining allegations set forth therein.

49.     Smartmatic admits that its counsel received a letter from Plaintiff's counsel dated July 19, 2018.  Smartmatic denies that Plaintiff's remaining allegations in paragraph 49 of the Complaint are complete or accurate.  Smartmatic explicitly denies that it has committed any acts of infringement or that it is liable to Plaintiff in any way.  Except as admitted herein, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations

contained in paragraph 49 of the Complaint, and on that basis denies the allegations set forth therein.

50.     Smartmatic admits that its counsel received a letter from Plaintiff's counsel dated July 19, 2018.  Smartmatic denies that Plaintiff's remaining allegations in paragraph 50 of the Complaint are complete or accurate.  Smartmatic admits that what purports to be a copy of a letter dated July 19, 2018 is attached to the Complaint as Exhibit D.  Smartmatic explicitly denies that it has committed any acts of infringement or that it is liable to Plaintiff in any way. Except as admitted herein, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, and on that basis denies the allegations set forth therein.

51.     Smartmatic admits that counsel for Smartmatic sent counsel for ES&S an email on July 26, 2018.  Smartmatic denies that Plaintiff's remaining allegations in paragraph 51 of the Complaint are complete or accurate, and on that basis denies the allegations set forth therein.

52.     Smartmatic admits that its counsel received an email from Plaintiff's counsel dated July 27, 2018.  Smartmatic denies that Plaintiff's remaining allegations in paragraph 52 of the Complaint are complete or accurate.  Smartmatic admits that what purports to be a copy of an email dated July 27, 2018 is attached to the Complaint as Exhibit E.  Smartmatic explicitly denies that it has committed any acts of infringement or that it is liable to Plaintiff in any way. Except as admitted herein, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and on that basis denies the allegations set forth therein.

53.     Smartmatic admits that its counsel sent a letter to Plaintiff's counsel dated August 3, 2018.  Smartmatic denies that Plaintiff's remaining allegations in paragraph 53 of the Complaint are complete or accurate.  Smartmatic admits that what purports to be a copy of a letter dated August 3, 2018 is attached to the Complaint as Exhibit F.  Smartmatic explicitly denies that it has committed any acts of infringement or that it is liable to Plaintiff in any way. Except as admitted herein, Smartmatic lacks sufficient information with which to form a belief

as to the truth of the allegations contained in paragraph 53 of the Complaint, and on that basis denies the allegations set forth therein.

54.     Smartmatic admits that its counsel received an email from Plaintiff's counsel dated August 6, 2018.  Smartmatic denies that Plaintiff's remaining allegations in paragraph 54 of the Complaint are complete or accurate.  Smartmatic admits that what purports to be a copy of an email dated August 6, 2018 is attached to the Complaint as Exhibit G.  Smartmatic explicitly denies that it has committed any acts of infringement or that it is liable to Plaintiff in any way. Except as admitted herein, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint, and on that basis denies the allegations set forth therein.

55.     Smartmatic admits that its counsel sent an email to Plaintiff's counsel dated August 10, 2018.  Smartmatic denies that Plaintiff's remaining allegations in paragraph 55 of the Complaint are complete or accurate.  Smartmatic admits that what purports to be a copy of an email dated August 10, 2018 is attached to the Complaint as Exhibit H.  Smartmatic explicitly denies that it has committed any acts of infringement or that it is liable to Plaintiff in any way. Except as admitted herein, Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint, and on that basis denies the allegations set forth therein.

56.     Denied.

57.     Denied.

58.     Denied.

## COUNT I

## Alleged Infringement of U.S. Patent No. 8,096,471

59.     Smartmatic incorporates its responses to the preceding paragraphs of this Complaint as if fully set forth herein.

60.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, and on that basis denies the allegations set forth therein.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

## COUNT II

## Alleged Infringement of U.S. Patent No. 7,753,273

70.     Smartmatic incorporates its responses to the preceding paragraphs of this Complaint as if fully set forth herein.

71.     Smartmatic lacks sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint, and on that basis denies the allegations set forth therein.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

## JURY TRIAL DEMAND

Smartmatic requests a jury trial on all claims, defenses, and counterclaims so triable.

## PRAYER FOR RELIEF

Smartmatic denies that it infringes or has infringed any valid and enforceable claim of the Asserted Patents.  Smartmatic also denies that Plaintiff is entitled to any relief requested in the Complaint or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Smartmatic asserts the following defenses to Plaintiff's Complaint.  Smartmatic reserves the right to rely upon such other additional defenses as may become available or apparent during discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Patent Misuse)

The Asserted Patents are unenforceable for patent misuse.  Plaintiff has engaged in and is continuing to engage in a scheme to impermissibly broaden the scope of its patents, including the Asserted Patents, with anticompetitive effects.  Plaintiff's conduct includes, but is not limited to:

a) Plaintiff's assertion of its patents, including the Asserted Patents, in the context of its participation in the County of Los Angeles's Request for Proposals relating to its Voting Solutions For All People (VSAP) project, and its subsequent conduct leading to the filing and continuation of this action.  As a result of this conduct, Plaintiff has attempted to extend the scope of the Asserted Patents beyond their legally permissible scope with anticompetitive effects; and

b) Before bringing suit, Plaintiff was provided with detailed reasons establishing that the patent claims asserted in this suit were invalid and do not cover any product made, used, sold, offered for sale, or imported by Smartmatic.  Despite this information, Plaintiff and their counsel filed the present suit, and continue to maintain the present suit, with no reasonable bases for doing so.  As a result of this conduct, Plaintiff has attempted to extend the scope of the Asserted Patents beyond their legally permissible scope with anticompetitive effects.

### SECOND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to state any claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
(Noninfringement of the '471 Patent)

Smartmatic is not infringing and has not infringed, either literally or under the doctrine of equivalents,  directly, by inducement, contributorily, willfully, or in any other way, any valid, enforceable claim of the of the '471 patent.

### FOURTH AFFIRMATIVE DEFENSE
(Noninfringement of the '273 Patent)

Smartmatic is not infringing and has not infringed, either literally or under the doctrine of equivalents,  directly, by inducement, contributorily, willfully, or in any other way, any valid, enforceable claim of the of the '273 patent.

### FIFTH AFFIRMATIVE DEFENSE
(Invalidity of the '471 Patent)

One or more claims of the '471 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalidity of the '273 Patent)

One or more claims of the '273 patent is invalid on the grounds that the purported invention attempted to be patented therein fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel and/or Prosecution Disclaimer )

The claims of the Asserted Patents are and were limited by amendment, the prior art and/or by the statements made to the United States Patent and Trademark Office during their prosecution, post-grant proceedings and/or reexamination proceedings such that Plaintiff is now estopped and/or otherwise precluded from maintaining that such claims of the Asserted Patents are of sufficient scope to cover the Accused Instrumentalities either literally or under the doctrine of equivalents.

## EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's Complaint is barred by the doctrine of waiver due to Plaintiff's actions before, during, and after prosecution of the Asserted Patents and Plaintiff's actions in filing this action.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's Complaint is barred by the doctrine of unclean hands as a result of the acts, conduct, and omissions of Plaintiff or others that are attributable to Plaintiff before, during, and after prosecution of the Asserted Patents and Plaintiff's actions in filing this action.

## TENTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

Plaintiff's claims for damages for alleged infringement are limited by 35 U.S.C. §§ 286 and 287.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Right to Injunctive Relief)

Plaintiff cannot satisfy the requirements applicable to its request for injunctive relief, including, but not limited to, because any alleged injury to Plaintiff is not immediate or irreparable, and because Plaintiff has an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE
### (Exceptional Case)

Pursuant to 35 U.S.C. § 285 and the standard set forth in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), Plaintiff filed this action without a good faith basis, making this an exceptional case.  Consequently, Plaintiff is liable for any and all attorneys' fees, expenses and costs incurred by Smartmatic in connection with this action.

## ADDITIONAL DEFENSES RESERVED

Smartmatic reserves any and all additional defenses available to it under Title 35 of the United States Code or under the rules, regulations, and laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising.

Dated:  March 19, 2019

**OF COUNSEL**:

Aaron Wainscoat (admitted *Pro Hac Vice*)
Timothy Lohse (admitted *Pro Hac Vice*)
Erin McLaughlin (admitted *Pro Hac Vice*)
Harpreet Singh (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
2000 University Ave.
East Palo Alto, CA 94303
Telephone: 650.833.2000
Facsimile: 650.833.2001
aaron.wainscoat@dlapiper.com
timothy.lohse@dlapiper.com
erin.mclaughlin@dlapiper.com
harpreet.singh@dlapiper.com

**DLA PIPER LLP (US)**

By: */s/ Denise S. Kraft*
Denise S. Kraft (DE Bar No. 2778)
Brian A. Biggs (DE Bar No. 5591)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE  19801-1147
Telephone:  302.468.5700
Facsimile:   302.394.2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

*Attorneys for Defendant*
*Smartmatic USA Corp*

16