| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>**Kyle Gottuso SBN 64869**<br>**Stinson Leonard Street**<br>**7700 Forsyth Blvd 11**<br>**Saint Louis, MO 63105**<br>ATTORNEY FOR **Plaintiff** | TELEPHONE NUMBER<br>**(314) 345-7026** | FOR COURT USE ONLY |
|---|---|---|
| DELAWARE DISTRICT, WILMINGTON<br>844 N King St, Unit 18<br>Wilmington, DE 19801 | | |
| SHORT TITLE OF CASE:<br>Election Systems  Software LLC v. Flextronics International USA Inc. | | |

| DATE:<br>04/24/2019 | TIME:<br>9:00 AM | DEP./DIV. | | CASE NUMBER:<br>1:18-cv-01259-RGA |
|---|---|---|---|---|
| | **Declaration of Service**<br>United States District Court | | | Ref. No. or File No:<br>3509168.0070 |

I, the undersigned, declare that I was at all times mentioned herein over the age of 18 years and not a party to the within action and that I served the:

**Federal Subpoena to Produce Documents, Information, or objects or to Permit Inspection of Premises in a Civil Action;**

On: **Flextronics International USA, Inc.**
At: **818 W 7th St Ste 930   Los Angeles, CA 90017**

In the above named action by delivering to and leaving with:

**CT Corporation registered agent by leaving with Albert Damonte**
Whose title is: **Person Authorized to Accept Service**

On: **4/5/2019**           Date:  **02:30 PM**

Fees paid: **$0.00**

Person attempting service:

  a. Name: **Adrian Moreno**
  b. Address: **1545 Wilshire Blvd.  Suite 311, Los Angeles, CA 90017**
  c. Telephone number: **213-628-6338**
  d. **The fee** for this service was: **129.50**
  e. I am:      (3) [X] CA process server
                    (i) [X] Independent Contractor
                    (ii) Registration No.: 6700
                    (iii) County: Los Angeles

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.



**Adrian Moreno**                    Date: **04/11/2019**

Declaration of Service                              Invoice #: 2612961

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| ELECTION SYSTEMS & SOFTWARE, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:18-cv-01259-RGA |
| SMARTMATIC USA CORPORATION | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Flextronics International USA, Inc., 6201 America Center Dr., San Jose, CA 95002 (Registered Agent: CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA 90017)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Stinson, Leonard, Street LLP, 7700 Forsyth Blvd., Suite 1100, St. Louis, Missouri 63105 | Date and Time: 04/24/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/05/2019

*CLERK OF COURT*
OR
/s/ Kyle G. Gottuso

*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Election Systems & Software, LLC , who issues or requests this subpoena, are:

Kyle Gottuso, 7700 Forsyth Blvd., Suite 1100, St. Louis, Missouri 63105, 314-345-7026, kyle.gottuso@stinson.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-01259-RGA

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:18-cv-01259-RGA   Document 21   Filed 04/15/19   Page 4 of 6 PageID #: 261

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. "Flex" means Flextronics International USA, Inc. its agents, officers, directors, employees, representatives, attorneys, parent companies (including but not limited to Flex Ltd.), subsidiaries, affiliates (including but not limited to Flextronics America, LLC), and/or predecessors (including but not limited to Flextronics International Ltd and Flextronics).

2. "Relating," "relates to," or "regarding" means embodying, concerning, evidencing, constituting, comprising, reflecting, discussing, alluding to, or having any logical or factual connection whatsoever with the subject in question.

3. "And" and "or" shall be construed disjunctively or conjunctively, as necessary, so as to have the broadest possible meaning.

4. "AutoMARK Product" means the AutoMARK voting machine product, including any and all versions or prototypes of the AutoMARK voting machine.

5. If you object to the production of any portion of any document request herein, you nevertheless are required to produce the documents relating to that request to which you have no objection, and to identify which portion(s) of the document(s) is (are) being withheld and the reason for such refusal to produce.

**DOCUMENTS REQUESTED**

1. All drawings, design documents, bills of materials, photographs, images, prototypes, emails, letters, contracts or other agreements, notes, notebooks, and specifications dated or created between January 2001 and July 2003 that refer or relate to the AutoMARK Product.

2. All drawings, design documents, bills of materials, photographs, images, prototypes, emails, letters, contracts or other agreements, notes, notebooks, and specifications dated or created between January 2001 and July 2003 that refer or relate to AutoMARK Technical Systems, LLC.

3. All drawings, design documents, bills of materials, photographs, images, prototypes, emails, letters, contracts or other agreements, notes, notebooks, and specifications dated or created between January 2001 and July 2003 that refer or relate to Sierra Election Systems LLC.

4. All drawings, design documents, bills of materials, photographs, images, prototypes, emails, letters, contracts or other agreements, notes, notebooks, and specifications dated or created between January 2001 and July 2003 that refer or relate to Vogue Election Systems.

5. All emails and/or letters dated between January 2001 and July 2003, and exchanged between any of the following: AutoMARK Technical Systems, LLC, Sierra Election Systems LLC, Vogue Election Systems, Eugene Cummings, Joseph Vanek, Sean Brockhouse, Rick Vogel, and/or DiMonte Group.