## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Election Systems & Software, LLC,

        Plaintiff,

     v.

Smartmatic USA Corporation,

        Defendant.

C.A. No. 18-1259-RGA

JURY TRIAL DEMANDED

## STIPULATED ORDER GOVERNING DISCOVERY, INCLUDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI")

**1.     General Provisions**

    **a.     Cooperation**. Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36. In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following standards shall apply until further order of the Court or the parties reach agreement.

    **b.     Proportionality.** Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[1] This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

1

**c.      Preservation of Discoverable Information.** A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

(i) Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

(ii) Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

**d.      Privilege.**

(i) The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

(ii) With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

(iii) Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

(iv) Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502. Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided within 30 days of inadvertent production.

2

**2.      Initial Discovery Conference.**

      **a.      Timing.** Consistent with the guidelines that follow, the parties shall discuss the parameters of their anticipated discovery at the initial discovery conference (the "Initial Discovery Conference") pursuant to Fed. R. Civ. P. 26(f), which shall take place before the Fed. R. Civ. P. 16 scheduling conference ("Rule 16 Conference").

      **b.      Content.** The parties shall discuss the following:

      (i) The issues, claims and defenses asserted in the case that define the scope of discovery.

      (ii) The likely sources of potentially relevant information (i.e., the "discoverable information"), including witnesses, custodians and other data sources (e.g., paper files, email, databases, servers, etc.).

      (iii) Technical information, including the exchange of production formats.

      (iv) The existence and handling of privileged information.

      (v) The categories of ESI that should be preserved.

**3.      Initial Disclosures.** Within 30 days after the Rule 16 Conference, each party shall disclose:

      **a.      Custodians.** The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

3

    **b.**    **Non-custodial data sources.**[2] A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

    **c.**    **Notice.** The parties shall identify any issues relating to:

    (i) Any ESI (by type, date, custodian, electronic system or other criteria)

    (ii) Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

    (iii) Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws. Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

**4.**    **Specific E-Discovery Issues.**

    **a.**    **On-site inspection of electronic media.** Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

    **b.**    **Search methodology.** If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party. Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed. The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 3(b); and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 3(a).

---

[2] That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (e.g., enterprise system or database)

    **c.**    **Format.** The parties shall produce ESI and non ESI in the following format: Single page TIFF (.TIF) images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata. Such documents shall be produced so as to preserve the integrity of the documents as they are maintained in the ordinary course of business, i.e., the original formatting, the metadata (as noted below), revision history (where applicable) and in color. If production in single page TIFF format is not practical, production may be made in searchable PDF format.

    **d.**    **Native files.** The only files, absent a showing of good cause, that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

    **e.**    **Metadata fields.** The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

    f.    **Source Code**. No provision of this Order affects any inspection of source code that is responsive to a discovery request and which is made available consistent with any protective order governing this case.

## SCHEDULE A

1.     Deleted, slack, fragmented, or other data only accessible by forensics.

2.     Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3.     On-line access data such as temporary internet files, history, cache, cookies, and the like.

4.     Data in metadata fields that are frequently updated automatically, such as last- opened dates.

5.     Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6.     Voice messages.

7.     Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.

8.     Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

9.     Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

10.    Logs of calls made from mobile devices.

11.    Server, system or network logs.

12.    Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

13.    Data remaining from systems no longer in use that is unintelligible on the systems in use.

6

**ROGOWSKI LAW LLC**

*/s/ Patricia S. Rogowski*
Patricia Smink Rogowski, (Del. Bar ID 2632)
501 Silverside Road, Suite 11
Silverside Carr Executive Center
Wilmington, DE 19809
Tel: (302) 893-0048
pat@rogowskilaw.com

**STINSON LLP**

Robert M. Evans, Jr., (admitted *Pro Hac Vice*)
Michael J. Hartley, (admitted *Pro Hac Vice*)
Kyle G. Gottuso, (admitted *Pro Hac Vice*)
770 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105
Tel: (314) 863-0800
Fax: (314) 345-7600
robert.evans@stinson.com
mike.hartley@stinson.com
kyle.gottuso@stinson.com

*Attorneys for Plaintiff Election Systems &
Software, LLC*

**DLA PIPER LLP (US)**

*/s/ Denise S. Kraft*
Denise S. Kraft (DE Bar No. 2778)
Brian A. Biggs (DE Bar No. 5591)
Erin E. Larson (DE Bar No. 6616)
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE  19801-1147
Telephone:  302.468.5700
Facsimile:   302.394.2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com
erin.larson@dlapiper.com

**OF COUNSEL:**
Aaron Wainscoat (admitted *Pro Hac Vice*)
Timothy Lohse (admitted *Pro Hac Vice*)
Harpreet Singh (admitted *Pro Hac Vice*)
Erin McLaughlin (admitted *Pro Hac Vice*)
DLA PIPER LLP (US)
2000 University Ave.
East Palo Alto, CA 94303
Telephone: 650.833.2000
Facsimile: 650.833.2001
aaron.wainscoat@dlapiper.com
timothy.lohse@dlapiper.com
harpreet.singh@dlapiper.com
erin.mclaughlin@dlapiper.com

Larissa S. Bifano (admitted *Pro Hac Vice*)
Michael Van Handel (admitted *Pro Hac Vice*)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: (617) 406-6000
Facsimile:   (617) 406-6100
larissa.bifano@dlapiper.com
michael.vanhandel@dlapiper.com

*Attorneys for Defendant
Smartmatic USA Corporation*

7

EAST\166820491.1

SO ORDERED this 29 day of May, 2019

_Richard G. Andrews_
United States District Court Judge

EAST\166820491.1