

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Denise S. Kraft
denise.kraft@dlapiper.com
T  302.468.5645
F  302.778.7917

June 20, 2019
*VIA CM/ECF AND HAND DELIVERY*

The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street, Unit 14, Room 6100
Wilmington, DE 19801-3555

Re:   Election Systems & Software, LLC v. Smartmatic USA Corp,
       C.A. No. 18-1259-RGA-SRF

Dear Magistrate Judge Fallon:

Defendant Smartmatic USA Corp ("Smartmatic") respectfully submits this letter seeking entry of a Protective Order.

Smartmatic and Plaintiff Election Systems & Software, LLC ("ES&S") have worked diligently to negotiate the terms of an appropriate Protective Order for this case, and have each made multiple compromises in order to reach agreement on a Protective Order, but one discrete dispute remains.  This sole remaining dispute concerns the list and description of persons to whom confidential information designated under the Protective Order may be disclosed.

In this regard, attached to this letter as Exhibit A is a copy of the Protective Order that has been agreed to by the parties, and reflects (in RED text) the disputed language that is the subject of this letter.  As reflected in the agreed portions of the Protective Order, the parties have adopted a multi-tier Protective Order that provides for three classifications of protected material, with each classification subject to a unique designation as follows:

1. "Confidential" information (defined in Section 2.4);

2. "Highly Confidential – Outside Attorneys' Eyes Only" information (defined in Section 2.5); and

3. "Restricted Confidential Source Code – Outside Attorneys' Eyes Only" information (defined in Section 2.6).



The Honorable Sherry R. Fallon
Page Two

Section 8 of the Protective Order then identifies the categories of persons to whom designated protected material may be disclosed – with each of the three classifications of confidential information having a separate, defined list of potential recipients. Specifically, Section 8.2 covers disclosure of "Confidential" information, Section 8.3 covers disclosure of "Highly Confidential" information, and Section 8.4 covers disclosure of "Source Code" information.

As reflected in Attachment A, the parties have agreed on the categories and descriptions for all persons to whom protected material may be disclosed, with one exception. ES&S seeks to add one new category of persons to whom designated confidential information (for all three classifications) can be disclosed, as follows:

- **The author or recipient (including copied recipients) of the document, which document was authored or received in the normal course of business**

ES&S's addition (and Smartmatic's response offered during negotiations) is shown in RED text in Exhibit A as new subsection 8.2(i) [page 12], 8.3(h) [page 14], and 8.4(h) [page 16].

## SMARTMATIC'S POSITION

Although disclosure of a document to its author, or to a person who previously received the document, may appear innocuous, there are several reasons why ES&S's proposal is both improper, and unnecessary, in this case.

It is not just possible, but likely, that there will be confidential documents produced in this litigation that an author, or prior recipient, may have been permitted access to in the past, but who should no longer be permitted access in the course of this litigation.

In this regard, this case concerns ES&S's allegation that by being selected as the contractor for the Los Angeles County's Request for Proposal (RFP) to provide implementation and support services for the County's new Voting System, Smartmatic thereby "offered to sell" a device that infringes two of ES&S's patents. (*See* Complaint, ¶¶ 29-31, 61, 72 (D.I. 1); Plaintiff's Opposition to Motion to Dismiss (D.I. 15), at 1). During the RFP process, in which ES&S participated before voluntarily withdrawing, ES&S (and other companies who participated in the RFP) received certain confidential information subject to confidentiality and non-disclosure provisions that limited access to such documents only for purposes of the RFP. To the extent these documents are now relevant to the litigation and are designated as confidential by parties or non-parties to the litigation, an absolute carve-out in the Protective Order for distribution to "authors and recipients" would be inappropriate, and may circumvent prior existing non-disclosure obligations.



The Honorable Sherry R. Fallon
Page Three

Similarly, as Smartmatic advised ES&S during negotiations over this proposed exception, it is also possible that employees of one party (Smartmatic or ES&S) may, in the past or in the future, go to work for the other party.  Thus, while such a person may have authored or received confidential documents while employed with Company "A," they should not continue to have access to or review such documents while in the employ of Company "B" merely because those confidential documents were produced in litigation under the Protective Order.

In addition, ES&S's proposal to permit disclosure of confidential information to "recipients" of a document may lead to mistakes (even if not intentional or malicious) in the determination of who a recipient actually is.  In this regard, it is not always clear from the face of a document whether it is a draft (that may never have been delivered) or a final document that was in fact received by the designated recipients.  It may also be unclear who the alleged "recipients" for a particular document include, particularly for things like presentations or meeting summaries, that may include a "distribution list" or identify "participants" or "attendees" – but which were not actually distributed or received by the named individuals.

Given the importance of maintaining the confidentiality of highly sensitive documents through the course of the litigation, and minimizing inadvertent disclosure, ES&S's proposed addition for "authors or recipients" should not be included.

Importantly, ES&S's proposed addition also is not necessary to permit the parties to fully and fairly litigate this case.  In this regard, the parties already have agreed that disclosure of designated protected material can be disclosed to outside counsel and retained experts (subject to certain notice provisions), and for "Confidential" designations, to in-house attorneys for each party.  In addition, the parties have also agreed that disclosure of protected material can be made to "any other person expressly authorized by written consent or stipulation of the Designating Party, under conditions set forth by that Designating Party."  (Section 8.2(g), 8.3(g), 8.4(g)).

Accordingly, if there is a particular document that a party believes needs to be disclosed to a particular person – including, for example, to its named author or presumed recipient – that can be handled separately through a request for consent, with appropriate limits under the circumstances (e.g., the person can see a document for purposes of a deposition, but not retain it).

Although Smartmatic believes the existing use and disclosure provisions of the agreed Protective Order are adequate to balance the needs of the parties to litigate this case with the needs of the parties to protect and limit the disclosure of confidential information, Smartmatic did offer a "compromise" to ES&S's proposal during negotiations over this Protective Order.  As reflected in Exhibit A, Smartmatic proposed a disclosure exception only for "authors" and only if that

EAST\167440977.1



The Honorable Sherry R. Fallon
Page Four

person continued to be employed by the producing or designating party at the time of the disclosure, as follows:

- **the author of the document, to the extent the author is clearly identified on the face of the document, and who continues to be employed by the Producing or Designating Party**

This compromise would eliminate the risks involved in determining whether a person was actually a "recipient" of a particular document, and also would address the potential harm that employees who moved between companies should not continue to have access to documents "authored" during their prior employment.


Respectfully submitted,

/s/  *Denise S. Kraft*

Denise S. Kraft (DE Bar No. 2778)

*Counsel for Defendant Smartmatic USA Corp*

cc:      All Counsel of Record