# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ELECTION SYSTEMS & SOFTWARE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-01259-RGA |
| | ) | |
| SMARTMATIC USA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Election Systems & Software, LLC ("ES&S") and Defendant Smartmatic USA Corp ("Smartmatic") stipulate for the Court to enter the following Protective Order which shall govern all documents, testimony or other information produced or provided in connection with the captioned lawsuit (the "Action").

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure in this Action would be warranted.  Thus, good cause exists for entry of this Order, which shall govern all documents, testimony or other information produced or provided in this Action by any party or non-party (each a "Producing Party" as defined below).  Confidential materials designated under the terms of this Order shall be used solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.  This Order does not confer blanket protections on all disclosures of information in this Action and the protection it affords extends only to the information or items that are entitled to treatment as confidential pursuant to the terms of this Order.  This Order is without prejudice to the right of ES&S or Smartmatic to object to certain

discovery and to ask the Court, for good cause, to modify the protections afforded by this Order in appropriate circumstances.

2.      **DEFINITIONS**

2.1      **Party:** any party to the Action, including Smartmatic and ES&S.

2.2      **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated by or on behalf of any Party or third-party person or entity in disclosures or responses to discovery or otherwise in this Action.

2.3      **Source Code**: computer code, scripts, assembly, binaries, object code, microcode, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

2.4      **"Confidential" Information:** non-public materials (regardless of how generated, stored or maintained) or tangible things containing sensitive commercial, financial or technical information that a Producing Party (as defined below) believes in good faith must be held confidential to protect business or commercial interests or to avoid impairing commercial value or competitive worth.  Materials designated as "Confidential" shall be disclosed only to persons described, and to the extent permitted, in Paragraph 8.2.  Nothing herein should be construed as an admission that the categories of information referenced above exist, are discoverable or admissible or that designated confidential documents contain "confidential" information.

2.5      **"Highly Confidential - Outside Attorneys' Eyes Only" Information:** non-public materials that qualify as "Confidential" information, including materials that contain or

disclose: (i) non-public financial information, including without limitation, information regarding sales, costs, and pricing; (ii) specifics of financial or business plans or strategies; (iii) internal competitive assessments; (iv) proposed, pending, contemplated, or otherwise undisclosed commercial transactions or other proposed, pending, contemplated, or non-public business ventures or combinations, including but not limited to bids, responses, sales quotes, or customer proposals of any kind, communications with governmental entities, or other actual or potential customers or vendors; (v) all financial statements and audited financial reports; (vi) communication with third party auditors and financial institutions; (vii) technical information related to products, research, and development work; and (viii) other unusually sensitive non-public information concerning which the Producing Party, in good faith, believes would cause significant harm if disclosed.  Materials designated as "Highly Confidential - Outside Attorneys' Eyes Only" shall be disclosed only to persons described in Paragraph 8.3.  Nothing herein should be construed as an admission that the categories of information referenced above exist, are discoverable or admissible or that designated confidential documents contain "Highly Confidential - Outside Attorneys' Eyes Only" information.

      **2.6**     **"Restricted Confidential Source Code - Outside Attorneys' Eyes Only"**
**Information:** non-public materials that qualify as "Highly Confidential - Outside Attorneys' Eyes Only" Information that includes Source Code. Materials designated as "Restricted Confidential Source Code - Outside Attorneys' Eyes Only" shall be disclosed only to persons described in Paragraph 8.4.  Nothing herein should be construed as an admission that the categories of information referenced above exist, are discoverable or admissible or that designated confidential documents contain "Restricted Confidential Source Code - Outside Attorneys' Eyes Only" information.

2.7    **"Protected Material":** any Disclosure or Discovery Material that is designated as "Confidential," "Highly Confidential - Outside Attorneys' Eyes Only," or "Restricted Confidential Source Code - Outside Attorneys' Eyes Only" Information as provided for in this Order. Protected Material shall not include: (a) advertising materials that have been actually published or publicly disseminated; or (b) materials that on their face show that they have been actually published or disseminated to the public.

2.8    **Receiving Party:** a Party that receives Disclosure or Discovery Material produced by a Producing Party in this Action.

2.9    **Producing Party:** a Party or any other person or entity who produces, discloses, or otherwise provides Disclosure or Discovery Material in this Action.

2.10    **Designating Party:** a Party or any other person or entity that designates Disclosure or Discovery Material as "Confidential," "Highly Confidential - Outside Attorneys' Eyes Only – Outside Attorneys' Eyes Only," or "Restricted Confidential Source Code - Outside Attorneys' Eyes Only" Information in this Action.

2.11    **Outside Counsel:** outside attorneys who are not employees of a Party but who are retained to represent or advise a Party in the Action and who, individually or through their law firm, has filed a Notice of Appearance in this Action (as well as Outside Counsel's support staffs).

2.12    **Expert or Professional:** a person with specialized knowledge or experience in a matter pertinent to the Action who has been specially retained by a Party or its Outside Counsel to prepare a written report or opinion, to testify, or to assist Outside Counsel in the prosecution or defense of this Action.

2.13    **Vendors:** persons or entities that provide litigation support services (*e.g.*,

photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and persons or entities that provide jury or trial consulting services and/or independent contractors and/or their employees and subcontractors hired to assist them.

**2.14   Action:** this lawsuit.

**2.15   Court:** the United States District Court for the District of Delaware.

**3.      SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel that might reveal Protected Material.

**4.      DURATION**

Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or the Court otherwise directs.

**5.      DESIGNATING PROTECTED MATERIAL**

**5.1     Manner and Timing of Designations.** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

**(a)**     for information in documentary form (apart from transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEYS' EYES ONLY" on each page

that contains Protected Material.  A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and after the inspection, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEYS' EYES ONLY" unless and until otherwise designated and produced by the Producing Party, consistent with this Paragraph 5.1(a).  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which materials qualify for protection under this Order, then, before producing the specified materials, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEYS' EYES ONLY") on each page that contains Protected Material;

(b)     for testimony given in depositions, hearings or other proceedings, that the Producing Party should identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY."  Notwithstanding the foregoing, all testimony in a deposition shall be automatically treated by the Parties as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" for up to thirty (30) days after receipt of the official transcript.  A Producing Party that sponsors, offers, or gives the testimony has up to thirty (30) days after receipt of the official transcript to identify the portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

OUTSIDE ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are

appropriately designated for protection within thirty (30) days after receipt of the official

transcript shall be covered by the provisions of this Order.  Transcripts containing Protected

Material must have affixed by the court reporter or the Designating Party to the top of the

transcript the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE

ATTORNEYS' EYES ONLY," as instructed by the Producing Party.

       **(c)**    for documents produced electronically in native format, that the Producing

Party either: (1) attach a cover sheet bearing the appropriate legend ("CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED

CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEYS' EYES ONLY") in a clear,

distinctive manner to any document containing Protected Material; or (2) affix in a prominent

place the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE

ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE -

OUTSIDE ATTORNEYS' EYES ONLY"  to the exterior of any CD, DVD, Flash Drive, Hard

Drive or any other media containing Protected Material; provided that nothing herein should be

deemed as an admission by any Party that documents produced in this Action must be produced

in native format.  When electronic files or documents produced in native format are printed for

use at deposition, in a court proceeding, or for provision in printed form to an expert or

consultant, the party printing the electronic files or documents shall affix a legend to the printed

document corresponding to the designation of the Designating Party and including the

production number and designation associated with the native file.  No one shall seek to use in

this litigation a modified version of any document produced in native file format without first

providing a copy of the modified version, with a bates number different than the bates number

assigned to the document produced in native file format, to the Producing Party so that the Producing Party is placed on notice of, and can review, the modification(s) or alteration(s); and

**(d)** for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEYS' EYES ONLY".  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" Or "RESTRICTED CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEYS' EYES ONLY."

**5.2    Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEYS' EYES ONLY" in accordance herewith does not waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE - OUTSIDE ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    Inadvertent Production of Privileged Material.** The inadvertent production by

a Producing Party of Disclosure or Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Disclosure or Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Disclosure or Discovery Material is made promptly after the Producing Party learns of its inadvertent production.  Upon a request from any Producing Party who has inadvertently produced Disclosure or Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Disclosure or Discovery Material and all copies to the Producing Party, or destroy such material and certify to the Producing Party that it has been destroyed.

## 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

**7.1    Timing of Challenges.** Unless a prompt challenge to a Designating Party's designation under this Order is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is communicated to the Receiving Party.

**7.2    Meet and Confer.** A Party that elects to initiate a challenge to a Designating Party's designation under this Order must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the designation was improper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if

it has engaged in this meet and confer process first.

**7.3    Judicial Intervention.** A Party that elects to challenge a designation, after considering the justification offered by the Designating Party, may raise the issue with the Court. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's challenged designation.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**8.1    Basic Principles**. Subject to Paragraphs 8.2, 8.3 and 8.4, a Receiving Party shall only use Discovery Material, including Protected Material, for purposes of prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated as to a Producing Party, a Receiving Party must comply with the provisions of Paragraph 13 below.  Protected Material must be stored and maintained by a Receiving Party at a location and in a manner that ensures that access is limited to the persons authorized under this Order.  Notwithstanding any other provisions of this Order, under no circumstances shall any Protected Material or any information contained therein be used by any Receiving Party or Outside Counsel for competitive purposes on behalf of a Receiving Party.

**8.2    Disclosure of Materials Designated as "CONFIDENTIAL":** Unless otherwise ordered by the Court, Disclosures or Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following persons:

**(a)**    Outside Counsel to a Party who has entered an appearance on a Party's behalf and attorneys and paralegals at their respective firms who work under their direct

supervision.

(b)     Vendors that assist Outside Counsel for a Party in the prosecution or defense of this Action, such as document discovery services hired to copy, index, image, sort, store, process, or otherwise manage the collection, storage, and retrieval of discovery materials, graphics or design services, and jury or trial consulting services, and who have executed and returned to Outside Counsel for the Party retaining the Vendor the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A;

(c)     Experts and Professionals (subject to the Notice and Objection provisions set forth in Paragraph 8.5), whether testifying or not, including their support staff and associates, provided that disclosure is only to the extent necessary for such Expert or Professional to prepare a written report or opinion, to testify, or to assist Outside Counsel in the prosecution or defense of this Action, and provided that: (a) such Expert or Professional has executed and returned to Outside Counsel for the Party retaining the Expert or Professional the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A; (b) such Expert or Professional is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 8.5 below.

(d)     the Court and its staff;

(e)     court reporters and videographers employed by the Court or the parties to record or transcribe testimony (in deposition or in court) or any other proceedings in this action;

(f)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this

Stipulated Protective Order;

**(g)**     any other person expressly authorized by written consent or stipulation of the Designating Party, under conditions set forth by that Designating Party, before disclosure to such persons; provided, however, that any person qualified under this provision may only review the Protected Material that the Designating Party has expressly authorized that person to review;

**(h)**     Not more than two designated in-house attorneys for each Party (subject to the Notice and Objection provisions set forth in Paragraph 8.5) who are officers or employees of the Receiving Party, to whom disclosure is reasonably necessary for this case, provided that each has executed and returned to Outside Counsel for the Party the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A, and provided that no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 8.5 below.  Approved in-house counsel may not use the Protected Material for competitive decision making, or for any purpose other than to advance or defend against the various claims, counterclaims and defenses in this Action, and may not disclose the Protected Material to any other person;

**(i)**     **[Plaintiff proposes that the following individual(s) should be included in Paragraph 8.2]** the author or recipient (including copied recipients) of the document, which document was authored or received in the normal course of business.

**(i)**     **[Defendant opposes Plaintiff's proposal for (i), but in the alternative would agree to the following language for individual(s) included in Paragraph 8.2]**   the author of the document, to the extent the author is clearly identified on the face of the document, and who continues to be employed by the Producing or Designating Party.

**8.3     Disclosure of Materials Designated as "HIGHLY CONFIDENTIAL –**

**OUTSIDE ATTORNEYS' EYES ONLY":** Unless otherwise ordered by the Court,

Disclosures or Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

      **(a)**     Outside Counsel to a Party who has entered an appearance on a Party's

behalf and attorneys and paralegals at their respective firms who work under their direct

supervision.

      **(b)**     Vendors that assist Outside Counsel for a Party in the prosecution or

defense of this Action, such as document discovery services hired to copy, index, image, sort,

store, process, or otherwise manage the collection, storage, and retrieval of discovery materials,

graphics or design services, and jury or trial consulting services, and who have executed and

returned to Outside Counsel for the Party retaining the Vendor the Acknowledgment and

Agreement to be Bound in the form annexed hereto as Exhibit A;

      **(c)**     Experts and Professionals (subject to the Notice and Objection provisions

set forth in Paragraph 8.5), whether testifying or not, including their support staff and associates,

provided that disclosure is only to the extent necessary for such Expert or Professional to prepare

a written report or opinion, to testify, or to assist Outside Counsel in the prosecution or defense

of this Action, and provided that: (a) such Expert or Professional has executed and returned to

Outside Counsel for the Party retaining the Expert or Professional the Acknowledgment and

Agreement to be Bound in the form annexed hereto as Exhibit A; (b) such Expert or Professional

is not a current officer, director, or employee of a Party or of a competitor of a Party, nor

anticipated at the time of retention to become an officer, director or employee of a Party or of a

competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper

notice has been given to all Parties as set forth in Paragraph 8.5 below.

(d)     the Court and its staff;

(e)     court reporters and videographers employed by the Court or the parties to record or transcribe testimony (in deposition or in court) or any other proceedings in this action;

(f)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Stipulated Protective Order;

(g)     any other person expressly authorized by written consent or stipulation of the Designating Party, under conditions set forth by that Designating Party, before disclosure to such persons; provided, however, that any person qualified under this provision may only review the Protected Material that the Designating Party has expressly authorized that person to review;

(h)     **[Plaintiff proposes that the following individual(s) should be included in Paragraph 8.3]** the author or recipient (including copied recipients) of the document, which document was authored or received in the normal course of business.

(h)     **[Defendant opposes Plaintiff's proposal for (h), but in the alternative would agree to the following language for individual(s) included in Paragraph 8.3]**   the author of the document, to the extent the author is clearly identified on the face of the document, and who continues to be employed by the Producing or Designating Party.

**8.4     Disclosure of Materials Designated as "RESTRICTED CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY":**  Unless otherwise ordered by the Court, Disclosures or Discovery Material designated as "RESTRICTED CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" shall be subject to the provisions set forth in Paragraph 9 below, and may be disclosed, subject to Paragraph 9 below, only to the

following persons:

(a)     Outside Counsel to a Party who has entered an appearance on a Party's behalf and attorneys and paralegals at their respective firms who work under their direct supervision.

(b)     Vendors that assist Outside Counsel for a Party in the prosecution or defense of this Action, such as document discovery services hired to copy, index, image, sort, store, process, or otherwise manage the collection, storage, and retrieval of discovery materials, graphics or design services, and jury or trial consulting services, and who have executed and returned to Outside Counsel for the Party retaining the Vendor the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A;

(c)     Experts and Professionals (subject to the Notice and Objection provisions set forth in Paragraph 8.5), whether testifying or not, including their support staff and associates, provided that disclosure is only to the extent necessary for such Expert or Professional to prepare a written report or opinion, to testify, or to assist Outside Counsel in the prosecution or defense of this Action, and provided that: (a) such Expert or Professional has executed and returned to Outside Counsel for the Party retaining the Expert or Professional the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A; (b) such Expert or Professional is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 8.5 below.

(d)     the Court and its staff;

(e)     court reporters and videographers employed by the Court or the parties to

record or transcribe testimony (in deposition or in court) or any other proceedings in this action;

      **(f)**     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Stipulated Protective Order;

      **(g)**     any other person expressly authorized by written consent or stipulation of the Designating Party, under conditions set forth by that Designating Party, before disclosure to such persons; provided, however, that any person qualified under this provision may only review the Protected Material that the Designating Party has expressly authorized that person to review;

      **(h)**     **[Plaintiff proposes that the following individual(s) should be included in Paragraph 8.4; Defendant opposes Plaintiff's proposal]** the author or recipient (including copied recipients) of the document, which document was authored or received in the normal course of business.

      **(h)**     **[Defendant opposes Plaintiff's proposal for (h), but in the alternative would agree to the following language for individual(s) included in Paragraph 8.5]** the author of the document, to the extent the author is clearly identified on the face of the document, and who continues to be employed by the Producing or Designating Party.

    **8.5**    **NOTICE OF DISCLOSURE**

      **(a)**     Prior to disclosing any Protected Material to any person described in Paragraphs 8.2(c) or (h), 8.3(c) or 8.4(c) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

          i.    the name of the Person;

          ii.    an up-to-date curriculum vitae of the Person (not required for 8.2(h));

          iii.    the present employer and title of the Person;

          iv.    an identification of all of the Person's past and current employment and consulting relationships within the last five years, including direct

relationships and relationships through entities owned or controlled by the Person (not required for 8.2(h)); and

v.   a list of the cases in which the Person has testified at deposition or trial within the last five (5) years (not required for 8.2(h)).

**(b)**   Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.

**(c)**   Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Stipulated Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period.  If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person until the Court resolves the objection.

**(d)**   For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

**(e)**   Prior to receiving any Protected Material under this Order, the Person

17

must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(f)     An initial failure to object to a Person under this Paragraph 8.5 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to Protected Material unless and until the Court sustains the objecting Party's objection.   If the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, the objection shall be deemed withdrawn;

8.6     Protected Material shall not be disclosed or made available by the Receiving Party to persons other than as permitted in this Order. The Receiving Party shall retain Protected Material designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" only at the offices of the Receiving Party's Outside Counsel who have entered an appearance in this Action or at the offices of an Expert or Professional for the Receiving Party who satisfies the requirements of Paragraph 8.2(c), 8.3(c) and/or 8.4(c), and to whom no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 8.5.

8.7     **Patent Prosecution Bar**. Absent the written consent of the Producing Party, any person on behalf of the Plaintiff or Defendant who accesses or views technical information produced, respectively, by Defendant or Plaintiff in this Action and designated as "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED

CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" by Plaintiff or

Defendant shall not be involved, directly or indirectly, in advising on, consulting on, preparing,

prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims,

and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent

applications relating to the subject matter of this action, including without limitation the patents

asserted in this action and any patent or application claiming priority to or otherwise related to

the patents asserted in this action, before any foreign or domestic agency, including the United

States Patent and Trademark Office ("the Patent Office"). These prohibitions are not intended to

and shall not preclude counsel from participating in *inter partes* review proceedings or covered

business method reviews regarding the validity of any patent.  These prohibitions shall begin

when the affected individual first accesses or views the "HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE

CODE – OUTSIDE ATTORNEYS' EYES ONLY" technical materials, and shall end one (1)

year after the final resolution of this action, including all appeals.  For the avoidance of doubt,

mere association with, partnership with, or employment by the same law firm as others who have

accessed or viewed Protected Material shall not, without more, be deemed as "accessing or

viewing" Protected Material under the meaning of this Paragraph.  Further, this Paragraph 8.7

does not apply to any individuals that accessed or viewed Plaintiff's or Defendant's confidential

information prior to the commencement of this Action and does not thereafter access or view any

"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED

CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" materials

designated in this Action.

### 9.     DISCLOSURE AND REVIEW OF SOURCE CODE

(a)     Any Source Code that is produced by Plaintiff ES&S shall be made available for inspection in electronic format at the office of its Outside Counsel, as designated by its Outside Counsel, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Defendant Smartmatic will be made available for inspection in electronic format at the office of its Outside Counsel, as designated by its Outside Counsel, or any other location mutually agreed by the Parties.  Source Code will be made available for inspection between the hours of 9 a.m. and 5 p.m. on business days (*i.e.*, weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)     Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide at least seven (7) days notice prior to any following inspections, with the understanding than any shorter notice will not be unreasonably denied.

(c)     Source Code that is designated "RESTRICTED CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that are sufficient for viewing the code produced on the platform produced, and tools sufficient for searching the code if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the

secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; and (b) the Producing Party approves such software tools, and such approval shall not be unreasonably withheld.  The Receiving Party must provide the Producing Party with such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii)     The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(iv)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(v)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party may choose to make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code, or may elect to print requested portions of Source Code (as permitted herein) offline pursuant to appropriate excerpts or PDFs created on the secured computer by the reviewing party.  The Receiving Party may print, or request printouts of, limited portions of the Source Code only when necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), or for deposition or trial.  Any printed portion that consists of more than thirty (30) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to

demonstrate the need for such a printed copy.  The Receiving Party may print out no more than 300 pages total of Source Code produced by a Producing Party.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings, pleadings or other papers (including a testifying expert's expert report), or for deposition or trial.  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" any pages printed by the Receiving Party.  Within seven (7) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  The parties shall meet and confer within seven (7) days of the Producing Party objecting that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary and for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

          (vi)     All persons who will review a Producing Party's Source Code on the Source Code Computer on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code on the Source Code Computer.  Such identification shall be in addition to any other disclosure required under this Order.  All persons

viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon 48 hours' advance notice to the Receiving Party.

(vii)   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)   Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of the Producing Party's outside counsel of record.

(ix)   The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 9(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies

are stored.  Upon 48 hours' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)      The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of ten (10) individuals identified by the receiving party shall have access to the printed portions of Source Code (except insofar as such code appears in any court filing or expert report). Nevertheless, the Parties hereto acknowledge the right of any Party to seek modification of this limit via motion filed with the Court if same becomes necessary.

(xi)      For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least five (5) business days before the date of the deposition, the Receiving Party shall notify the Producing Party that it wishes to use Source Code at the deposition, and the Producing Party shall provide at the deposition the entire set of Source Code that has been printed for use by the Receiving Party.  Alternatively, the Producing Party may authorize the Receiving Party to bring copies of printed Source Code to any deposition.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel following the deposition.

(d)      The Receiving Party may not create electronic images of the Source Code except as is reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers.  If a Party reasonably believes that it needs to make electronic images of Source Code, the Party will use its best efforts to minimize the amount of Source Code in any such image, and meet and confer with the Producing Party before making any such image so that the Parties discuss how to best protect the confidentiality of the Source Code.  The Receiving Party shall maintain a log of all such electronic copies of any portion of Source

Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" as provided for in this Order.  Except as provided in this sub-paragraph, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  Any materials containing Source Code shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, it may do so, but any such filing shall be under seal; the party will use its best efforts to minimize the amount of Source Code that must be filed; and it shall notify the Producing Party before filing so that the Parties can meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code.

**10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a request for production, subpoena or an order issued in other litigation that would compel disclosure of any Protected Material designated in this action the Receiving Party must immediately notify the Designating Party in writing (by email, if possible) of such request for production, subpoena or order.  Such notification must include a copy of the request for production, subpoena or court order.  The Receiving Party also must immediately inform in writing the person or entity that caused the request for production,

subpoena or order to issue in the other litigation that some or all the material covered by the request for production, subpoena or order is the subject of this Order and deliver a copy of this Order promptly to that person or entity.

The purpose of imposing these duties is to alert that person or entity to the existence of this Order and to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the request for production, subpoena or order issued. If the Designating Party timely seeks a protective order, the Party served with the request for production, subpoena or order shall not produce any Protected Material designated under the Stipulated Protective Order in this Action before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  If the Designating Party chooses to limit such production, the Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.    FILING PROTECTED MATERIAL

All Protected Material, or quotations therefrom, included in papers filed with or otherwise disclosed to the Court in oral argument or hearing, shall be filed with or disclosed to the Court under seal to the extent permitted by, and in a manner consistent with, the Court's Local Rules and any applicable Court order.  Unless the Court unseals the sealed filing or disclosure, such papers or transcripts of oral argument or hearing shall not be disclosed to any person who is not permitted to view such materials pursuant to the terms of this Order.

### 13.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after the final dismissal or other conclusion of this Action ("Termination of Action") with respect to a Producing Party ("Dismissed Party"), including but not limited to dismissal with prejudice, each Receiving Party must return to the Dismissed Party any Protected Material produced by said Dismissed Party or destroy such Protected Material, and the Dismissed Party must return to any Producing Party its Protected Material or destroy said material. The requirement to return or destroy Protected Material applies also to all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Dismissed Party (and, if not the same person or entity, to the Designating Party) by the ninety (90) day deadline that affirms that all Protected Material in the Receiving Party's possession or control has been returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Likewise, whether the Protected Material is returned or destroyed, the Dismissed Party must submit a written certification to each Producing Party by the ninety (90) day deadline that

affirms that all Protected Material of the Producing Party in the Dismissed Party's possession or control has been returned or destroyed and that affirms that the Dismissed Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material of the Producing Party.  All remaining Protected Material must be returned or destroyed within ninety (90) days after the final termination of this action and written certification submitted to the Producing Party.  Notwithstanding the foregoing requirements of this paragraph, Outside Counsel are entitled to retain one archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product, but not document productions, even if such materials contain Protected Material. For purposes of this Paragraph 13, "work product" shall be limited to documents and tangible things that: (i) are prepared in anticipation of litigation or for trial by or for Counsel or its representative; and (ii) consist of or reflect an attorney's or its representative's mental impressions, conclusions, opinions, or legal theories concerning the action. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

### 14.   MISCELLANEOUS

**14.1   Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any Protected Material.

**14.2   Right to Seek Modification.** By stipulating to entry of this Order, no Party waives the right to later petition the Court for modification of this Order. This Order may be modified upon a showing of good cause.

### 15.   OTHER PROCEEDINGS

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

SO ORDERED this____day of_____, 2019.


UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ELECTION SYSTEMS & SOFTWARE, LLC,        )
                                          )
                      Plaintiff,          )
                                          )
v.                                        )        Case No. 1:18-cv-01259-RGA
                                          )
SMARTMATIC USA CORPORATION,               )
                                          )
                      Defendant.          )        **JURY TRIAL DEMANDED**
                                          )
                                          )

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I,_____ declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the District of Delaware in the case of *Election Systems & Software, LLC v.*

*Smartmatic USA Corporation,* U.S. District Court, District of Delaware, Civil Action No. 18-

01259 (RGA).  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt of court.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this Order.  I further

agree to submit to the jurisdiction of the U.S. District Court for the District of Delaware for the

purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action.

Signature: _____

Name: _____

Date: _____