

**Patricia Smink Rogowski**
pat@rogowskilaw.com
(302) 893-0048

Hon. Sherry R. Fallon
United States District Court for the District of Delaware
844 N. King Street, Unit 14, Room 6100
Wilmington, DE  19801-3555

  Re: Election Systems & Software, LLC v. Smartmatic USA Corp.,
     C.A. No. 18-1259-RGA-SRF

Dear Magistrate Judge Fallon,

  Plaintiff Election Systems & Software, LLC ("ES&S") respectfully submits this letter in response to Defendant Smartmatic USA Corp.'s June 20, 2019 letter ("Letter") seeking entry of a Protective Order.

  ES&S agrees with Smartmatic that the parties diligently and in good faith negotiated the terms of an appropriate Protective Order to be entered in this case.  Following that negotiation, the parties were left with one dispute:  the proper individuals who are permitted access to information designated as "Confidential," "Highly Confidential – Outside Attorneys' Eyes Only," and "Restricted Confidential Source Code – Outside Attorneys' Eyes Only" (collectively, "Protected Material").  In particular, ES&S and Smartmatic disagree as to whether authors and recipients of a document containing Protected Material can view or have access to that document.

**The Parties' Disputed Positions**

  It is ES&S's position that the following individuals should be permitted access to Protected Material: **"the author or recipient (including copied recipients) of the document, which document was authored or received in the normal course of business."**  Exhibit A at 12.[1]

  It is Smartmatic's position that the following individuals should be permitted access to Protected Material:  **"the author of the document, to the extent the author is clearly identified on the face of the document, and who continues to be employed by the Producing or Designating Party."**  *Id.*

  Smartmatic's proposals differs from ES&S's proposal in two important respects.  First, Smartmatic's proposal would not permit former employees of a party who drafted a document to view that document.  Second, Smartmatic's proposal would not permit <u>any</u> recipients of a document containing Protected Material to view that document.

---

[1] Reference to Exhibit A is to the exhibit attached to Smartmatic's Letter.

Hon. Sherry R. Fallon

### ES&S's Position

While Smartmatic's Letter regarding the negotiation of the Protective Order is mostly accurate, Smartmatic mischaracterizes the above disputed language as "ES&S's addition" or "ES&S's proposed addition." *See, e.g.,* Letter at 2-3; *see also id.* at 2 ("ES&S seeks to add one new category of persons to whom designated confidential information . . . can be disclosed."). This is misleading and does not accurately reflect the negotiation of the protective order.

ES&S, as the Plaintiff, originally proposed a draft protective order to Smartmatic. The draft protective order originally proposed by ES&S was based, in part, on the Model Protective Order used by the Northern District of California. The protective order originally proposed by ES&S included the same language regarding authors and recipients that is now in dispute. Smartmatic sought to delete this language or substitute for this language with its proposal as shown in the red text in Exhibit A.

Smartmatic's characterization of ES&S's proposal as "improper" is also not correct. The language proposed by ES&S is standard language routinely included in protective orders, including protective orders in patent infringement cases. For instance, the Model Protective Order for Litigation Involving Patents in the Northern District of California permits confidential information to be disclosed to "the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information." Exhibit 1 at 10-12. Further, Judge Gilstrap of the Eastern District of Texas has a standing Protective Order in Patent Cases that permits an "author, addressee, or copy recipient" to view designated material. Exhibit 2 at 9. It is Smartmatic's proposed language that deviates from the norm, not ES&S's proposal.

The reason that Courts routinely include the language proposed by ES&S in protective orders is that it avoids the untenable situation where an individual has authored or previously received a document, but is unable to review that document in the context of this litigation. Not allowing an author or recipient of a document to have access to that document is particularly challenging when that individual is being deposed and cannot view the very document that he or she authored or previously received. It also raises issues with authenticating documents when the document cannot be shown to the actual author of the document. That individual may be the only person able to authenticate or testify as to the contents of the document. Deposition testimony should not be so limited.

ES&S's proposed language avoids this conflict by permitting authors and recipients to view the information. Importantly, these individuals are bound by the terms of the Protective Order, which requires Protected Materials to be "used solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever." Exhibit A at 1.

Smartmatic's proposed language is insufficient to safeguard the parties' interests. For instance, under Smartmatic's proposal, a former employee of either party who drafted a key document will not be able to view that document, testify regarding its contents, or authenticate the document. Further, an individual (even one currently employed by the parties) who received a document will not be permitted to testify as to the contents of that document or even the fact

Hon. Sherry R. Fallon

that the individual received the document. Smartmatic attempts to avoid this problem by asserting that the parties would simply seek permission every time the party wants to show a document to any witness who authored or received a document containing Protected Material. This procedure would create an undue burden on the parties and result in gross inefficiency and wasted party resources. It also creates the potential for future disputes regarding who can and cannot see certain documents.

Smartmatic raises two specific concerns with ES&S's proposed language. First, Smartmatic argues that ES&S's proposed language would "circumvent prior existing non-disclosure obligations." Letter at 2. This is not correct. Any prior non-disclosure obligations, for instance an NDA between Los Angeles County and individuals within ES&S, would continue to govern an individual's use of information designated as confidential under that NDA. Further, an individual who views Protected Material under the Protective Order in this case is further bound by the terms of the Protective Order. Smartmatic's hypothetical does not justify the exclusion of the standard language proposed by ES&S.

Second, Smartmatic proposes yet another hypothetical where a former employee of Party A goes to work for Party B. In this situation, Smartmatic argues, the employee who now works for Party B should not have access to documents the employee drafted while working for Party A. But, again, any such concern with respect to former employees viewing Protected Material is alleviated by the fact that the individual will remain bound by the terms of the Protective Order. Further, if Smartmatic is concerned regarding a former employee from Smartmatic joining ES&S and viewing Protected Material that the individual authored, Smartmatic should identify this individual and the parties can determine if he or she should be excluded from viewing the information.

ES&S's proposed language ("the author or recipient (including copied recipients) of the document, which document was authored or received in the normal course of business") is necessary to allow the parties to efficiently and effectively gather and review the evidence in this case while also protecting the parties' Protected Material. ES&S respectfully requests that the Court enter the Protective Order in the form of Exhibit A with ES&S's proposed language in Sections 8.2, 8.3, and 8.4.

Respectfully submitted,

Patricia S. Rogowski

Patricia Smink Rogowski
*Counsel for Plaintiff,*
*Election Systems & Software, LLC*

Exhibits 1 and 2
cc:   Counsel of Record

**Rogowski Law** • 501 Silverside Road, Suite 11 • Silverside Carr Executive Center • Wilmington, DE  19809