# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELECTION SYSTEMS & SOFTWARE, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  C.A. No. 18-01259-RGA |
| SMARTMATIC USA CORP, | ) )  JURY TRIAL DEMANDED |
| Defendant. | ) ) ) |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF
ITS MOTION FOR LEAVE TO AMEND THE ANSWER**

EAST/195777738

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ..................................................................................................1 | |
| II. | ARGUMENT..........................................................................................................2 | |
| | A. | Smartmatic's Diligence Demonstrates Good Cause to Amend and No Undue Delay. ........................................................................................................2 |
| | B. | Smartmatic's Proposed Affirmative Defense Is Not Futile. ...................8 |
| | C. | There Is No Prejudice By Allowing Smartmatic's Inventorship Defense. ..............9 |
| III. | CONCLUSION....................................................................................................10 | |

EAST/195777738

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Asahi Glass Co., Ltd. v. Guardian Industries Corp.*,
  276 F.R.D. 417 (D. Del. 2011) ...............................................................................................5

*Belcher Pharm., LLC v. Hospira, Inc.*,
  No. 17-775-LPS, 2019 WL 2503159 (D. Del. June 5, 2019) ..................................................8

*Compagnie des Grands Hotels d'Afrique SA v. Starwood Cap. Grp. Glob. I LLC*,
  No. 18-654-SB-SRF, 2021 WL 6883231 (D. Del. Feb. 10, 2021) ...........................................4

*Garrett Corp. v. U.S.*,
  422 F.2d 874 (Ct. Cl. 1970) .....................................................................................................9

*Home Semiconductor Corp. v. Samsung Elecs. Co.*,
  No. 13-2033-RGA, 2019 WL 2135858 (D. Del. May 16, 2019)..............................................4

*Pannu v. Iolab Corp.*,
  155 F.3d 1344 (Fed. Cir. 1998).................................................................................................9

*Pfizer Inc. v. Sandoz Inc.*,
  No. 12-654-GMS-MPT, 2013 WL 5934635 (D. Del. Nov. 4, 2013) ...............................5, 6, 7

*Premier Comp Sol'ns, LLC v. UPMC*,
  970 F.3d 316 (3d Cir. 2020).....................................................................................................7

*Sonos, Inc. v. D&M Holdings Inc.*,
  No. 14-1330-RGA-MPT, 2016 WL 4249493 (D. Del. Aug. 10, 2016)
  (denying motion to strike statutory defense pled under Fed. R. Civ. P. 8(c)) .........................8

*Targus Int'l LLC v. Victorinox Swiss Army, Inc.*,
  No. 20-464-RGA, 2021 WL 2291978 (D. Del. June 4, 2021)............................................3, 4

**Statutes**

35 U.S.C. § 102(f)..........................................................................................................................9, 10

**Other Authorities**

Fed. R. Civ. P. 8................................................................................................................................2, 9

Fed. R. Civ. P. 12(f)...........................................................................................................................8

Fed. R. Civ. P. 15..............................................................................................................................1, 7

Fed. R. Civ. P. 16 ............................................................................................................... 1, 4, 7, 8

Fed. R. Civ. P. 26(e) ................................................................................................................... 10

Fed. R. Civ. P. 34(b)(2)(C) ............................................................................................................ 7

Fed. R. Civ. P. 9 ............................................................................................................................ 8

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 8

**I.     INTRODUCTION**

Smartmatic's motion for leave to amend should be granted because Smartmatic's diligence in investigating its inventorship defense and filing this motion demonstrate good cause under Fed. R. Civ. P. 16 and show Smartmatic did not unduly delay its amendment under Fed. R. Civ. P. 15. What ES&S concedes in opposition confirms this result. Specifically, ES&S does not contest that: (1) ES&S produced no discovery related to the critical 2005 meeting between Dr. Golden and ES&S in which they discussed the alleged invention in the '471 patent, despite Smartmatic's discovery requests seeking this information; (2) Smartmatic first learned of the critical 2005 meeting between Dr. Golden and ES&S in May 2022 from Dr. Golden herself, after the deadline to amend pleadings; (3) Smartmatic notified ES&S approximately two months later that, based on Dr. Golden's documents, Smartmatic sought to add an affirmative defense of improper inventorship; and (4) Smartmatic moved for leave to amend less than two weeks after ES&S notified Smartmatic that it would oppose the motion. After the revelation of the 2005 meeting, Smartmatic moved with reasonable diligence to collect documents from Dr. Golden, develop its inventorship defense, draft an amended pleading, meet and confer with ES&S, and file its motion for leave to amend, all in approximately three months, and all before the close of fact discovery.

The majority of ES&S's opposition is noise focused on blaming Smartmatic for not discovering ES&S's own 2005 meeting with Dr. Golden sooner, instead of addressing the merits of a motion to amend. Put simply, the blame rests with ES&S. When Smartmatic asked ES&S for this information through written discovery, ES&S provided nothing. D.I. 124 at 6. Remarkably, ES&S does not state that it does not have any documents related to Dr. Golden's inventive contribution. Rather, ES&S hedges by saying that "ES&S did not and does not have possession, custody, or control of any non-email discovery." *See* D.I. 138 at 8 (emphasis added)).

1

Nor does ES&S say that it has no discoverable information responsive to Interrogatory No. 3, which seeks the type of information that Smarmatic was forced to obtain from Dr. Golden. Instead, ES&S claims it was not required to disclose Dr. Golden or her emails. *Id.* at 9. ES&S's opposition suggests ES&S relied on boilerplate objections to Smartmatic's discovery requests to either excuse its failure to search for this critical information or, even worse, to justify its refusal to identify and produce what relevant information it found. The Court should not reward ES&S's discovery failures by now precluding Smartmatic from asserting an inventorship defense that (if successful) would invalidate all remaining patent claims.

ES&S's other arguments all fail. Smartmatic's proposed amended answer includes fourteen paragraphs of factual and legal allegations, far exceeding the "short and plain statement" of the defense required by Fed. R. Civ. P. 8. Thus, Smartmatic's proposed pleading is more than sufficient, and its request for leave is not futile. Further, ES&S's complaints about prejudice are unfounded and speculative. In contrast to ES&S's failure to provide discovery regarding this 2005 meeting, Smartmatic found a relevant witness, collected and produced the relevant documents, and made the witness available for deposition. ES&S has not identified any evidence not already in ES&S's possession that it would seek if Smartmatic's motion is granted.

Smartmatic's motion for leave to amend its answer to add an affirmative defense of improper inventorship should be granted.

## II.   ARGUMENT

### A.   Smartmatic's Diligence Demonstrates Good Cause to Amend and No Undue Delay.

Smartmatic has good cause to amend because, after it first discovered the facts supporting its improper inventorship defense, it moved with reasonable diligence to notify ES&S of its intent to amend its pleading and to file this motion. ES&S's opposition concedes the relevant facts and

EAST/195777738

demonstrates that (1) Smartmatic could not have known about this defense prior to the deadline to amend pleadings because ES&S never produced any information about its 2005 meeting with Dr. Golden; and (2) Smartmatic moved quickly thereafter to notify ES&S, to provide a draft of the amended answer to ES&S's counsel, to hold the required meet and confer, and to file this motion.

ES&S concedes that it never provided any discovery to Smartmatic related to the ES&S's 2005 meeting with Dr. Golden. There is no dispute that Smartmatic first learned about this 2005 meeting from Dr. Golden herself in May 2022, well after the June 18, 2021, deadline to amend pleadings. In fact, ES&S's discovery conduct hindered Smartmatic's ability to learn this information before June 18, 2021. This information was certainly knowable to its current Senior Vice President, John Groh, who attended the 2005 meeting. Yet ES&S did not produce a single document related to this critical 2005 meeting in which Dr. Golden provided advice to Mr. Groh and others about how to improve the prior art AutoMark VAT by including an attached ballot box, which is important to the alleged invention in the '471 patent. D.I. 124 at 2. Thus, Smartmatic could not reasonably have known about ES&S's 2005 meeting with Dr. Golden prior to May 2022, and thus could not have raised its inventorship defense prior to the deadline to amend pleadings. *See Targus Int'l LLC v. Victorinox Swiss Army, Inc.*, No. 20-464-RGA, 2021 WL 2291978, at *2 (D. Del. June 4, 2021) (finding good cause where defendant did not become aware of facts of supporting inequitable conduct until after the deadline to amend pleadings).

ES&S further concedes the facts that demonstrate Smartmatic acted with reasonable diligence. ES&S does not dispute that Smartmatic informed ES&S of its intent to add an inventorship defense approximately two months after Smartmatic received the documents from Dr. Golden, nor does it dispute that Smartmatic moved to amend approximately two weeks after the parties completed the meet and confer. D.I. 124 at 3-4. This Court, and other courts in this

3

district, have found diligence and good cause to amend under Rule 16 under similar timelines. *Targus*, 2021 WL 2291978, at *2 (finding good cause where the defendant discovered the alleged prior art after the deadline to amend pleadings, took discovery for two months and then notified plaintiff of its intent to move to amend, and filed its motion one month later); *Home Semiconductor Corp. v. Samsung Elecs. Co.*, No. 13-2033-RGA, 2019 WL 2135858, at *5 (D. Del. May 16, 2019) (concluding that plaintiff who did not move to amend until 3 month after meet and confer discussing intent to amend was diligent considering that "other courts in the Third Circuit have found diligence when a party has sought leave to amend within three months of learning new information"); *Compagnie des Grands Hotels d'Afrique SA v. Starwood Cap. Grp. Glob. I LLC*, No. 18-654-SB-SRF, 2021 WL 6883231, at *4 (D. Del. Feb. 10, 2021) (concluding that good cause existed where plaintiff moved to amend approximately 3-1/2 months after first receiving the information underlying the allegations in the amended complaint).

ES&S's attempts to distinguish Smartmatic's cases fall flat. ES&S contends *Enzo* and *Targus* are distinguishable "because the delays-at-issue were due to the non-moving party failing to fully meet its discovery obligations." D.I. 138 at 11-12. But, if anyone bears the fault for the timing of Smartmatic's motion, it is ES&S. ES&S's 2005 meeting with Dr. Golden was known to ES&S, and ES&S never provided this information to Smartmatic despite an interrogatory and two requests for production requesting this information. Here, like in *Targus*, Smartmatic did not have the discovery needed to plead its new defense until well after the deadline to amend the pleadings and shortly before Smartmatic filed this motion. *Targus*, 2021 WL 2291978, at *2 (finding good cause where defendant did not discover the alleged prior art until after the deadline to amend).

Faced with the weight of cases supporting good cause, ES&S substantially distorts the facts and holding in *Pfizer*. D.I. 138 at 10. ES&S states "the 3rd Circuit has found a motion lacks good cause" in certain circumstances but does not cite a 3rd Circuit case for this proposition; it cites only Magistrate Judge Thynge's Report & Recommendation in *Pfizer*. Further, ES&S significantly minimizes the movant's delays in *Pfizer* and ignores that the movant did not disclose its inequitable conduct theory to the plaintiff until <u>after fact discovery</u>. Moreover, in *Pfizer*, the inequitable conduct defense was premised on the file history (which the defendant had before the deadline to amend) and depositions conducted over a several month period around the time of the deadline to amend the pleadings and before the close of fact discovery. *Pfizer Inc. v. Sandoz Inc.*, No. 12-654-GMS-MPT, 2013 WL 5934635, at *1 (D. Del. Nov. 4, 2013). Nonetheless, defendant raised its inequitable conduct theory for the first time in its opening expert report, after the close of fact discovery, and did not move to amend its pleading until one month after that. *Id.* The Court found no good cause not only because the motion was filed nearly four months from the last deposition, but also because "defendant never notified plaintiff until after the close of fact discovery and only a month before the instant motion." *Id.* at *4.

In contrast, Smartmatic first discovered the facts related to Dr. Golden's meeting with ES&S in May 2022, obtained documents from Dr. Golden corroborating her inventive contribution and produced those documents to ES&S, provided notice to ES&S of its intent to add this inventorship defense <u>during fact discovery</u> and approximately two months after receiving the documents, and filed this motion less than two weeks of completing the meet and confer with ES&S. Indeed, Smartmatic moved faster than the two cases ES&S cites for lack of diligence or undue delay, *Pfizer* and *Asahi Glass*. D.I. 138 at 18; *see Asahi Glass Co., Ltd. v. Guardian Industries Corp.*, 276 F.R.D. 417, 420 (D. Del. 2011) (finding unexplained four month delay in

5

filing motion to amend "not egregious" but denied the motion because it would require reopening discovery and moving the trial date). ES&S has identified no cases in which a court in the Third Circuit (let alone the Third Circuit itself) has denied a motion to amend on similar facts.

The timing of Smartmatic's motion is the result of ES&S's own failure to provide timely discovery. Smartmatic timely served discovery requests on ES&S related to the development of the AutoMark VAT system and related to the conception and disclosure of the '471 patent. D.I. 124 at 6-7. ES&S produced <u>no information</u> related to Dr. Golden or to the 2005 meeting between ES&S and Dr. Golden during which the invention claimed in the '471 patent was conceived. Based on its representations in its opposition brief, ES&S did not conduct a reasonable investigation into Interrogatory No. 3. Specifically, ES&S does not state it has no discoverable information responsive to Interrogatory No. 3. *Id.* at 9. Instead, ES&S argues "the email search process conducted in this matter would not and did not cause ES&S to search its email records for relevant information." *Id.* But the parties' email production protocol did not absolve ES&S from its obligations to search for relevant information responsive to <u>an interrogatory</u>. ES&S was required to conduct a reasonably diligent search, including by interviewing knowledgeable individuals (including Mr. Groh), and provide the information in its possession, custody, or control. It never did, and still does not say in its opposition what information ES&S has related to its 2005 meeting with Dr. Golden.

Likewise, ES&S never says that it has no responsive documents regarding its 2005 meeting with Dr. Golden. *See* D.I. 138 at 8 ("ES&S did not and does not have possession, custody, or control of any <u>non-email</u> discovery" (emphasis added)). Instead, ES&S hides behind boilerplate discovery objections. D.I. 138 at 8 ("ES&S objected to these Requests for Production as being overly broad, unduly burdensome, and not proportional to the needs of the case."). If ES&S were

6

withholding relevant documents related to this meeting based on any of its objections, the Federal Rules of Civil Procedure require ES&S to affirmatively "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). ES&S made no such statement, and Smartmatic thus had no way to determine that ES&S was apparently withholding responsive information. ES&S's cynical suggestion that Smartmatic somehow "acquiesced" to ES&S's discovery failures by taking ES&S at its word that it would "produce relevant, non-privileged responsive documents to the extent they can be reasonably ascertained" should be rejected. D.I. 138, Ex. G at 8 (ES&S Resp. to RFP 14), 18 (RFP 36). ES&S's equivocations regarding the sufficiency of its discovery responses and document production speak volumes about the merits of ES&S's opposition to Smarmatic's motion.

Last, because the law supports Smartmatic, ES&S seeks to skate by on a technicality, contending Smartmatic "does not even directly address the good cause requirement of Rule 16." D.I. 138 at 7. But Smartmatic's opening brief devotes several pages to showing its diligence in seeking amendment, and its inability (despite its best efforts and because of ES&S's obstruction) to meet the deadline to amend. D.I. 124 at 5-8 (demonstrating Smartmatic did not unduly delay raising this defense when it discovered Dr. Golden's documents). Indeed, Smartmatic explicitly references Rule 16's good cause standard in Section IV.E of its opening brief and explains Smartmatic's diligence. *Id.* at 11-12 (explicitly discussing good cause standard). ES&S's citation to *Premier Comp Sol'ns, LLC v. UPMC*, 970 F.3d 316 (3d Cir. 2020) supports that Smartmatic sufficiently addressed Rule 16. In *Premier*, the Third Circuit clarified that the Rule 16 "good cause" standard applies when the deadline to amend pleadings has passed, and that it serves as a threshold inquiry before considering Rule 15. *Id.* at 319. But *Premier* does not require a litigant to formulaically address Rule 16 first in its briefing, so long as Rule 16 standard is addressed in

7

the opening brief. *Id.* *Premier* is also factually distinct; there, the Court affirmed denial of a motion to amend when litigant raised Rule 16 "good cause" standard for the first time in its reply brief. *Id.* Thus, ES&S's contention that Smartmatic failed to address the Rule 16 good cause standard is flat wrong.

### B. Smartmatic's Proposed Affirmative Defense Is Not Futile.

Smartmatic's inventorship pleading plausibly identifies the legal grounds for the defense, the patent being challenged (the '471 patent) for failing to identify the proper inventor, and the unnamed inventors who contributed to the '471 patent. D.I. 123, Ex. 1 at 17-20. Smartmatic's thirteen paragraphs of detailed factual allegations is more than sufficient to state an affirmative defense for improper inventorship. D.I. 124 at 10-11.

ES&S's opposition contends that Smartmatic's motion should be denied because the proposed pleading is "legally insufficient on its face." D.I. 138 at 13. But ES&S applies the wrong standard when it argued the Court should consider futility in the context of a Rule 12(b)(6) motion and the *Iqbal/Twombly* standard. Improper inventorship is a statutory defense that is not subject to the heightened pleading standard of Rule 9. *Belcher Pharm., LLC v. Hospira, Inc.*, No. 17-775-LPS, 2019 WL 2503159, at *1 (D. Del. June 5, 2019) (denying motion to dismiss counterclaim for invalidity due to improper inventorship). Accordingly, futility should be considered under Fed. R. Civ. P. 12(f) which allows the Court to strike "redundant, immaterial, impertinent, or scandalous" information. *See Sonos, Inc. v. D&M Holdings Inc.*, No. 14-1330-RGA-MPT, 2016 WL 4249493, at *3-4 (D. Del. Aug. 10, 2016) (denying motion to strike statutory defense pled under Fed. R. Civ. P. 8(c)). Such motions are "generally disfavored and ordinarily denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the

8

parties." *Id.* And ES&S's opposition, because it applies the incorrect standard, does not identify any redundant, immaterial, impertinent, or scandalous material in Smartmatic's proposed pleading.

On the contrary, ES&S does not dispute that Smartmatic has alleged "a short and plain statement of the defense," as required by Fed. R. Civ. P. 8. Instead, ES&S seeks to argue the facts, which is inappropriate at this stage. ES&S contends "collaboration is required" <u>to prove</u> improper inventorship, but ES&S has not cited a single case to suggest such an allegation is required <u>to plead</u> the defense. Thus, the proposed affirmative defense is not futile.

But even if the Court were to consider the substance of Smartmatic's improper inventorship defense, ES&S misreads the law by imposing a "collaboration" requirement. D.I. 138 at 15. Section 102(f) does not impose such a requirement. 35 U.S.C. § 102(f) ("A person shall be entitled to a patent unless . . . (f) he did not himself invent the subject matter sought to be patented); *see also Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348-49 (Fed. Cir. 1998). ES&S's citation to *Garrett Corp,* a 1970 decision from the U.S. Court of Claims, is unavailing. *Garrett Corp.* merely suggests joint invention "connotes collaboration" in the context of rejecting a hypothetical in which one "merely suggests an idea of a result to be accomplished." *Garrett Corp. v. U.S.*, 422 F.2d 874, 881 (Ct. Cl. 1970). But *Garrett Corp.* does not <u>require</u> collaboration to prove the defense, and ES&S cites no Federal Circuit authority requiring it either. Further, Smartmatic's defense is not limited to a "joint invention" theory. ES&S's arguments go to the merits, not the sufficiency of the pleading. Its futility argument should thus be rejected.

### C. There Is No Prejudice By Allowing Smartmatic's Inventorship Defense.

Because of Smartmatic's diligence, all discovery on the improper inventorship defense has been completed. ES&S does not dispute that Smartmatic produced the documents in Dr. Golden's possession, and that the parties took her deposition on August 15, 2022. D.I. 124 at 9. Smartmatic believes the record on its inventorship defense is sufficient to support its defense and, at least at

9

this time, does not intend to seek any further discovery.[1] Thus, ES&S's allegation that "Smartmatic wants more" or that granting Smartmatic's motion will be a license "to fish" by conducting new discovery is baseless. D.I. 138 at 17.

ES&S's allegation that "the Court will have to reopen discovery for ES&S to discovery material relevant" to Smartmatic's inventorship defense is unsupported. Indeed, the likely best custodian of documents and information related to the 2005 meeting is ES&S itself. But ES&S's opposition, filed <u>after</u> ES&S received Dr. Golden's document production and took her deposition, does not identify a single new witness from whom ES&S would seek a deposition, or a single third-party from whom ES&S would conduct discovery if Smartmatic's motion is granted. D.I. 138 at 17. ES&S's speculative parade of horribles should not be countenanced.

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's motion to amend its answer to add an affirmative defense of improper inventorship under 35 U.S.C. § 102(f).

---

[1] While Smartmatic's motion does not request that ES&S supplement its discovery responses, ES&S's briefing suggests it may not have conducted a reasonable search for documents and information related to ES&S's 2005 meeting with Dr. Golden. Should the Court grant this motion, Smartmatic expects ES&S to comply with its obligations under Fed. R. Civ. P. 26(e) and supplement its written discovery and document production accordingly.

10

Dated: September 9, 2022

| | |
|---|---|
| Larissa S. Bifano<br>**DLA PIPER LLP (US)**<br>33 Arch Street, 26th Floor<br>Boston, MA 02110-1447<br>Telephone: 617-406-6000<br>Facsimile: 617-406-6100<br>larissa.bifano@us.dlapiper.com<br><br>Richard Mulloy<br>**DLA PIPER LLP (US)**<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297<br>Telephone: 619-699-4787<br>Facsimile: 619-764-6787<br>richard.mulloy@us.dlapiper.com<br><br>Zachary Loney<br>**DLA PIPER LLP (US)**<br>303 Colorado Street, Suite 3000<br>Austin, TX 78701-4653<br>Telephone: 512-457-7203<br>Facsimile:(512-721-2283<br>zachary.loney@us.dlapiper.com | **DLA PIPER LLP (US)**<br><br>/s/ *Brian A. Biggs*<br>Brian A. Biggs (Bar No. 5591)<br>Angela C. Whitesell (Bar No. 5547)<br>1201 North Market Street, Suite 2100<br>Wilmington, DE  19801-1147<br>Telephone:  302.468.5700<br>Facsimile:  302.394.2341<br>brian.biggs@us.dlapiper.com<br>angela.whitesell@us.dlapiper.com<br><br>*Attorneys for Defendant Smartmatic USA Corp.* |